**BANANA SERVICE CO.**
v.
**UNITED FRUIT CO. et al.**
Civ. No. 52-1224.

United States District Court,
D. Massachusetts.

Dec. 9, 1953.

**108**

Harold Brown, Boston, Mass., for plaintiff.

John L. Hall and Charles H. Stockton, Choate Hall & Stewart, Boston, Mass., for defendants, United Fruit, Melo-Ripe Fruit, Bros. and Fruit Dispatch, Co.

FORD, District Judge.

This is an action for treble damages and injunctive relief under the anti-trust laws, 15 U.S.C.A. § 1 et seq. The complaint alleges an illegal combination by defendants and others to monopolize or attempt to monopolize, by means of various illegal restraints of trade, the business of growing bananas, and importing and selling bananas in the United States. It further charges defendants with conspiring to utilize their monopoly power to force plaintiff corporation, an independent wholesale dealer in bananas in the Boston area, out of business by the use of various unlawful competitive practices.

Defendants object to interrogatories propounded by the plaintiff to defendant United Fruit Company (hereinafter referred to as the defendant). The first objection is a general one to the whole set of interrogatories on the ground that they are excessive in number. There are 55 interrogatories, many of which are subdivided, so that there are in all some 300 questions to be answered. While in some types of cases this number might well be excessive, it does not seem so in a case of this nature. It is well known that the preparation and proof of anti-trust cases requires the study and investigation of a multitude of facts and documents. The general objection must be overruled.

There are further objections on various specific grounds to particular groups of interrogatories

Objections to certain interrogatories as burdensome.

These would, it appears, require extensive search of past records of the defendant to obtain all the answers requested. The burden thus imposed on the answering party must be weighed against plaintiff's right to the discovery of all information in possession of the defendant which is relevant to plaintiff's case. Adelman v. Nordberg Mfg. Co., D.C., 6 F.R.D. 383. Here the inquiries as to the companies which united to form the defendant, and as to defendant's subsidiaries, the nature of the company and its assets prior to acquisition, the details of the method of acquisition, and the subsequent part played by these companies in the defendant's business organization are clearly important in the light of the charge that defendant has built up a monopoly over a long period of years by unlawful methods. This information, if available at all, is to be found only in the records of defendant, and should be produced by it. The detailed financial history of all these companies for the period prior to acquisition by defendant seems to be of lesser relevance. Answers to other parts of these interrogatories will give plaintiff a general picture of the nature and position of these companies at the time of acquisition, and the answering of 4(c)(4), 6(d), 9(e), and 11(a) to (h) would place an unjustified burden on defendant.

The questions relating to the railroad and shipping facilities owned by defendant and to arrangements with other shipping lines are important to the development of the allegations that these transport facilities owned or controlled by defendant are an integral part of a system for achieving and maintaining monopolistic control of the banana trade. Interrogatories 24 through 27 should be answered. Their relevance is such as to justify requiring defendant to give the requested information.

The allocation of costs and profits for each dollar of banana sales requested by

interrogatory 55 does not appear to have sufficient relevance to justify imposing on defendant the burdensome computation which it says would be involved in answering it.

### Objections to interrogatories as irrelevant.

■■ Defendants object to other interrogatories as irrelevant to any claim of plaintiff or as being too remote in time or geographical area. This objection rests on defendants' view that the complaint states two distinct and separate causes of action, one a local and limited conspiracy which injured plaintiff, and the other a broad charge of illegal monopoly. Defendants contend that only what relates to the local conspiracy is relevant here. But a fair reading of the complaint would be that plaintiff's case is that, while the local conspiracy is the activity which proximately caused its damage, this local activity was only a specific exertion of the monopoly power described in the complaint and derived its force and power to injure from that monopoly. Proof of the existence, nature and methods of development of a monopoly power widely extended in area and built up over a long period of years is an essential part of plaintiff's case. Plaintiff's inquiries should not be restricted to the narrow limits of time and place within which this monopoly allegedly had its direct impact on plaintiff's business. Burroughs v. Warner Bros. Pictures, Inc., D.C., 12 F.R.D. 491, 493.

Interrogatories 20 and 52 need not be answered. The damage suffered by defendant due to "blowdowns" or other calamities affecting its crops seems to have no bearing at all on the issues here.

### Objections based on defendant's lack of knowledge.

■ An interrogatory is not made improper by the fact that defendant does not know the answer. The objection must be overruled. Of course, if defendant after a reasonably diligent search of its records and inquiry of its officers and employees is unable to discover some or all of the information needed for an answer, it can answer simply that it does not know.

### Objections based on vagueness and indefiniteness.

■ The expressions complained of do not seem unduly vague or indefinite under the circumstances. Plaintiff is asking for information largely in the exclusive possession of defendant. It knows only the general nature and type of information which it wants, not the exact answer which it is to receive. It cannot be required to phrase its inquiries with mathematical precision. The phrases used in some of these interrogatories may be somewhat general, but they appear to be such as to give defendant a reasonably clear indication of the information to be included in its answers.

### Objections based on requests for opinions or conclusions.

■ The interrogatories involved do not call for any statement of conclusions on the ultimate issues of the case or of the legal contentions of defendant. It is true that in some cases the defendant may have to draw some conclusion incidental to a statement of facts. A request for a list of the *major* assets of a subsidiary may require it to form an opinion as to where the line should be drawn between major and minor assets. To distinguish between ownership and control or to state whether a ship operates as a common carrier may involve a legal conclusion. If the question were a close one and one of the ultimate issues of the case, it might well be improper to require an answer to the interrogatory. But where the conclusions involved are only incidental to questions as to evidentiary facts, the interrogatories should not be considered objectionable. Basically these interrogatories seek relevant facts and should be an-

swered. 4 Moore's Federal Practice 33.17, at p. 2310.

### Objections based on function of Rule 33.

 The interrogatories involved (9 (e) (6), 9(f), 10(d), 27(i), and 54) are those which ask where and when certain documents will be available for inspection. Defendants are technically correct in that the proper procedure to follow in seeking to inspect or copy documents is by motion under Rule 34, Fed.Rules Civ. Proc., 28 U.S.C.A. If defendant has no grounds for objecting to the inspection of these documents, time would probably be saved by answering these interrogatories. But if defendant does have grounds for opposing such inspection it may properly refuse to answer and insist upon a motion under Rule 34 with a showing of good cause.

### Other objections.

Interrogatory 31 is objected to on the ground that it has not been established by a previous interrogatory that defendant ever did business in Mexico. To strike the interrogatory on this ground would only mean that plaintiff would later submit two interrogatories in place of this one. The practical solution is to require defendant to answer this inquiry. If in fact it is based on a false assumption that defendant once did business in Mexico and later withdrew, let defendant so state in answer.

This applies also to interrogatory 51, as to which a similar objection was made.

Defendants object that to answer No. 16 would be to furnish allegations for plaintiff's complaint. But what plaintiff really wants is a brief description of defendant's general business activity. It in effect allows the defendant to answer by adopting the description given in the complaint, if it is willing to accept it, or else to set forth its own description of its activities.

Objections are sustained as to interrogatories 4(c)(4), 6(d), 9(e)(1) through (6), 9(f), 10(d), 11(a) through (h), 20, 27(i), 52, 54, and 55; objections overruled as to the remaining interrogatories.