**HERITAGE FURNITURE, INC.,**
**Plaintiff,**

v.

**AMERICAN HERITAGE INCORPORAT-**
**ED and Sooren Hovannissian,**
**Defendants.**

**Civ. No. 7607.**

United States District Court
D. Connecticut.

July 27, 1961.

Frank E. Callahan, of Wiggin & Dana, New Haven, Conn., and Alfred T. Lee, New York City, for plaintiff.

Morton Weiss and James T. Kline, Bridgeport, Conn., for defendants.

TIMBERS, District Judge.

Plaintiff objects to certain interrogatories served by defendants subsequent to the entry of a pretrial order.

In this action plaintiff seeks an injunction, an accounting, damages and other relief as a result of alleged unfair competition and trade-mark infringement of plaintiff's registered mark "Heritage" by defendants' use of the trade name "American Heritage". Plaintiff and defendants are engaged in the furniture business.

Jurisdiction is based on diversity of citizenship, plaintiff being a North Caro-

lina corporation, the corporate defendant being a Connecticut corporation and the individual defendant being a citizen of Connecticut. Jurisdiction also is invoked pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338, this being an action arising under the trademark laws and asserting a claim of unfair competition.

The action was commenced January 5, 1959. The pleadings were closed February 25, 1959. Plaintiff took the deposition of the individual defendant March 10, 1959. Plaintiff on July 27, 1959 answered a detailed set of 31 interrogatories propounded by defendants.

On May 13, 1960 a pretrial conference was held before Judge Hincks, sitting by designation in the District Court. Following the pretrial conference, Judge Hincks entered a pretrial order dated May 17, 1960, one paragraph of which reads:

> "The proposed amendment of May 13, 1960 to plaintiff's complaint is allowed, but defendant is not precluded from filing, promptly, supplemental interrogatories if they are necessary."

The amendment referred to in the pretrial order amended paragraph 7 of the complaint (which alleged that plaintiff is the owner of two registrations issued by the United States Patent Office) by adding the following:

> "Plaintiff is also the owner of a registration for the mark 'Heritage' filed by the State of Connecticut on February 24, 1942."

■ Clearly the "supplemental interrogatories" which Judge Hincks permitted defendants to file pursuant to his pretrial order of May 17, 1960 were intended to be limited to the subject matter of the amendment to the complaint of May 13, 1960. This construction of Judge Hincks' pretrial order is fortified by the following provision of Rule 10 of the Rules of Civil Procedure of this Court:

> "All interrogatories and cross-interrogatories should be served and answered prior to pre-trial conference; otherwise, parties or deponents may move the court for a protective order under F.R.C.P. 30(b)."

Defendants' supplemental interrogatories obviously are not limited to the subject matter of the amendment to the complaint of May 13, 1960.

■■ Moreover, the reference in defendants' supplemental interrogatories to "early American furniture" makes these interrogatories so indefinite and lacking in precision as to render them not susceptible of being intelligently answered. Although interrogatories need not be phrased with technical precision (4 MOORE, FEDERAL PRACTICE, ¶ 33.-08, p. 2280 (2d ed. 1950)), they should give a reasonably clear indication of the information sought. Banana Service Co. v. United Fruit Co., 15 F.R.D. 106, 109 (D.Mass.1953).

Accordingly, plaintiff's objections to defendants' supplemental interrogatories are sustained.