358

UNITED STATES of America,
Plaintiff,

v.

GRINNELL CORPORATION, American
District Telegraph Company, Holmes
Electric Protective Company, and Automatic Fire Alarm Company of Delaware, Defendants.

Civ. A. No. 2785.

United States District Court
D. Rhode Island.

Jan. 23, 1962.

Noel E. Story, Attorney, Department of Justice, Washington, D. C., Robert G. Levy, Attorney, Department of Justice, Washington, D. C., Raymond J. Pettine, U. S. Atty., Providence, R. I., for plaintiff.

Roger T. Clapp, Providence, R. I., Jerrold G. Van Cise, Cahill, Gordon, Reindel & Ohl, New York City, for Grinnell Corp.

Matthew W. Goring, Hinckley, Allen, Salisbury & Parsons, Providence, R. I., Frank A. Fritz, Bleakley, Platt, Schmidt, Hart & Fritz, New York City, for American District Telegraph Co., Holmes Electric Protective Co., and Automatic Fire Alarm Co. of Delaware.

SWEENEY, Chief Judge.

In this civil antitrust action brought by the United States against Grinnell Corporation, American District Telegraph Company, Holmes Electric Protective Company and Automatic Fire Alarm Company of Delaware, argument has been heard upon the following, which have been extensively briefed:

I. the government's motion for the production of documents,

II. the defendants' objections to the government's interrogatories,

III. the government's objections to the defendants' interrogatories, and

IV. the defendants' motions for further answers to interrogatories.

## I. GOVERNMENT'S MOTION FOR THE PRODUCTION OF DOCUMENTS

The government has in some instances in the past convened grand juries in antitrust actions for the apparent sole purpose of obtaining documents from defendants' files for use in civil suits. In this case the government has avoided this cumbersome, expensive and questionable procedure and is relying on the liberal discovery provisions of the Federal Rules of Civil Procedure, 28 U.S.C.A.

██ Rule 34 of those Rules provides that upon a showing of good cause the Court may order any party to produce and permit the inspection of designated documents, papers, et cetera, which constitute or contain evidence relating to the matters within the scope of the examination permitted by Rule 26(b). The latter Rule provides for the examination of any matter, not privileged, which is relevant to the subject matter involved in a pending action. This is a broad Rule and includes a provision that

"it is not ground for objection" to the inspection that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The defendants object that under the provision of Rule 34 the plaintiff has not shown good cause and have filed affidavits in support of this contention. Accompanying the motion of the plaintiff is an affidavit of counsel for the plaintiff which satisfies the "good cause" requirement. "Good cause" is a matter that is hard to define and is addressed to the discretion of the Court. The plaintiff is not in a position to designate with great particularity documents that it wants because it does not as yet know what the documents contain or how relevant they may be to its case. The designation of the documents by categories has received the approval of the Courts. See United States v. United States Alkali Exporting Association, 7 F.R.D. 256 (S.D.N.Y. 1946) and United States v. United Shoe Machinery Corporation, 76 F.Supp. 315 (D.C.Mass.1948).

■ Another ground for objection by the defendants is that the government seeks to go back too far in point of time in the inspection of documents. There is a demand for an agreement executed in 1907 between some of the defendants and competitors; and while a search into such a remote period would not ordinarily be justified, the government does allege that the 1907 and subsequent agreements were still in operation as late as 1955. The agreement is covered by item 19, et seq., of the demand for the production of documents addressed to A.D.T. Since this and subsequent agreements named in the motion for the production of documents may be the basis for the alleged violation of the antitrust laws, the motion as to all agreements entered into between the defendants, either amongst themselves or with competitors, since 1907 is allowed. This allowance, however, is only to the production of the agreements themselves and amendments

thereto. Other objections to the plaintiff's demands are addressed to intercompany correspondence, papers and records which the defendants allege go back too far in point of time to be the subject for a demand for production and that some of the other demands cover relations with corporations in foreign countries and not named in the bill of complaint. The Court adopts the following rule of this case which is to govern its trial henceforth: Production of all documents that pertain to relations between these defendants, either amongst themselves or with competitors, is to be limited territorially to the United States and Canada. Discovery is to be limited to a period of ten years prior to the filing of this action, which would start the period for which the defendants are liable to produce on April 13, 1951.

Further objection to another review of records furnished to the government by some of these defendants in 1953 and 1955 is overruled. This will be discussed later in conjunction with the defendants' motions for further answers to interrogatories 134–160.

The defendants also object to re-examination of documents which they allege were furnished to the Federal Bureau of Investigation in 1957 to the extent of some 4200 contracts and which documents they allege that the government now has. Of course, there is no reason for a re-production of the same instruments; and in complying with this order where the defendants know that the government is already in possession of such material or data on a subject, whether it be in the form of bulletins or pamphlets, or otherwise, it will be sufficient compliance to so state.

I am satisfied that the plaintiff has shown good cause for the production by the defendants of the documents enumerated in its motion. The motion is, therefore, allowed within the time and territorial limitations prescribed. The defendant Grinnell has submitted a memorandum in opposition to the gov-

ernment's motion for production which has been noted, but it does not persuade the Court that the motion for production as to the other defendants should not be granted.

## II. DEFENDANTS' OBJECTIONS TO GOVERNMENT'S INTERROGATORIES

█ The interrogatories filed by the plaintiff in this case have been extremely burdensome to the Court because identical questions to each of the defendants have not maintained the same numerical sequence. Henceforth, it is ordered that when interrogatories are filed against several defendants those questions which are common to each defendant are to be listed first amongst the interrogatories and designated as "common questions"; thereafter, such interrogatories as are not common to all the defendants interrogated may be added and designated as "individual interrogatories applying only to the named defendant."

### American District Telegraph Company

Subject to the geographical and time limitations set forth above, the following disposition is made of the objections of A.D.T.:

The objection to the government's request preceding question No. 1 is sustained.

The following objections are sustained: 7, 10, 12, 15, 17, 23, 25, 26, 32, 40 and 48.

The following objections are overruled: 1, 4, 5, 6, 8, 9, 11, 20, 22, 36, 37, 38, 39, 41, 42, 43, 44, 46 and 47.

### Holmes Electric Protective Company

Subject to the geographical and time limitations set forth above, the following disposition is made of the objections of Holmes Electric Protective Company:

The objection to the government's request preceding question No. 1 is sustained.

The following objections are sustained: 7, 8, 14, 16, 17, 19, 23 and 25.

The following objections are overruled: 5, 9, 10, 15, 24, 26 and 29.

### Automatic Fire Alarm Company of Delaware

Subject to the geographical and time limitations set forth above, the following disposition is made of the objections of Automatic Fire Alarm Company of Delaware:

The objection to the government's request preceding question No. 1 is sustained.

The following objections are sustained: 7, 9, 11, 15, 18, 20, 21, 30 and 32.

The following objections are overruled: 5, 8, 10, 28, 29, 31, 35 and 36.

## III. and IV. A. GOVERNMENT'S OBJECTIONS TO DEFENDANTS' INTERROGATORIES

### B. DEFENDANTS' MOTIONS FOR FURTHER ANSWERS

█ I feel that a word of caution is needed to counsel on both sides to adhere to the spirit and intent of the rules on interrogatories, both in propounding and in answering them. The purpose of interrogatories, of course, is to seek out legitimate information that would be necessary to the case of the party propounding the interrogatories and which would directly or indirectly lead to evidence in support of its case. They should never be used to harass or vex opposing counsel or the opposing party. I think that I have sensed in this case an antagonism between the counsel that is above the feeling existing understandably between counsel in the average case. This Court does not intend to be caught in any cross fire wherein the parties extend their inquiries to an unnecessary point or wherein the answers furnished or the reason for not furnishing them may be evasive or stretched to a point that is unreasonable. This is particularly applicable to those answers in which the government claims "informer privilege" or "executive privilege." The Court must rely upon the integrity of counsel when they assert such claims, and it is not now in a position to adjudicate the validity of such claims. Where the Court

sustains the government's claim of informer or executive privilege, no order of preclusion will be entered at this time. However, if it develops at the trial of this case that the claim of the government was ill-founded, the matter will be dealt with anew.

The objections and motions can be dealt together and in categories.

■ 1. *Objections of the government on ground that it has insufficient information to form an answer.*

To certain interrogatories[1] the government has replied to the effect that it has "insufficient information to form an answer." This is a very vague statement and is not a proper objection to the inquiry. The government either knows the answer or doesn't. If it does not know after a reasonably diligent search, it should so state. See FORD, J. in Banana Service Co. v. United Fruit Co., 15 F.R.D. 106, 109 (D.C.Mass.1953).

The motion for further answers is allowed as to this category.

■ 2. *Objections of the government based upon "details of trial evidence."*

The defendants have filed certain interrogatories[2] to which the government has objected on the ground that they call for a production of the government's trial evidence. Many of these questions are in three parts. The first part calls for an answer which, generally, the government has given; the second part calls for details of all its evidence in case the first part of the question is in the affirmative; and the third part calls for details of all its evidence in case the first part of the question is in the negative. The objections of the government are sustained. The questions asked are so broad and comprehensive as to call for every minute detail of the government's evidence. Such answers as the government has given are in keeping with the rules governing interrogatories and the rights of discovery. To further extend them to the point demanded by the defendants would simply place all the government's trial evidence in the defendants' hands to the most minute particle. The rule with regards to discovery of this nature is well stated in Aktiebolaget Vargos v. Clark, 8 F.R.D. 635, 636 (D.C. D.C.1949), in which Judge Holtzoff sustained an objection to the enumeration of items of evidence that were called for in support of a specific inquiry. There is nothing in the Federal Rules of Civil Procedure that compels either party to present its case in advance of trial. United States v. Continental Can Co., 22 F.R.D. 241, 247 (S.D.N.Y.1958). The objection to this type of inquiry is sustained.

3. *Informer privilege.*

■ These objections are sustained, except as to those persons whom the government will use as witnesses in this proceeding, if the information sought would lead directly or indirectly to the identity of the informer. Interrogatory 29(b) (c) may be taken as an example. If the disclosure under (b) and (c) would not identify the informer or lead to its identification, the government must answer. If, however, the question alone or with others would enable the defendants, either directly or indirectly, to learn the identity of the informer, the objection is well taken.

The motions for further answers are denied subject to the above exceptions. As to those whom the government will call as witnesses, the objections are overruled and the motion for further answers is allowed. United States v. First National Bank and Trust Co. of Lexington, 208 F.Supp. 457 (E.D.Ky.1961).

1. Interrogatories 12, 15(d), 26(b), 27, 34 (c), 35, 36, 37(c), 42(b) (c), 43, 46, 47, 48(f) (g), 53(c), 55, 56, 57, 63, 66, 67, 68, 70, 71, 72, 73, 76, 78, 79, 81(a–d) (f–h), 82(a) (b), 91(f) (g), 102, 103, 110, 117, 118, 119, 132 and 133.

2. Interrogatories 19, 20, 21, 86, 87, 89, 90, 91, 92, 93, 94, 96, 98, 99, 105, 106, 107, 111, 112, 113, 114, 120, 121, 122, 123, 124, 125, 127, 128, 129 and 130.

The order for preclusion, under Rule 37 of the Federal Rules of Civil Procedure, will not now be entered. Again, the Court reserves the right, however, to reject any or all testimony offered at the trial in which it finds that the government has exceeded the proper limits in claiming "informer privilege."

4. *Relevancy and executive privilege.*

 The defendants have set up as an affirmative defense that the 1953 and 1955 acquisition-of-stock mergers were only consummated after the plaintiff had raised no objection to them and in reliance upon the representations by the Department of Justice that it intended to take no action with respect to the proposed plan of the defendants. While the defense raised by the defendants may not be legally effective to bar this action, nevertheless, the defendants are entitled to have all the evidence in the hands of the Department which bears upon this issue. The questions are relevant to the affirmative defense and should be answered. They are not within the category of executive privilege since the 1953 and 1955 dealings culminated in a disclosure of a decision, tentative though it may have been, on the question raised by the defendants.

The objections to interrogatories 134–160 are overruled, and the government is to answer over.

In connection with matters covered by these same interrogatories, a few words are appropriate with regards to the government's motion to produce for further review certain documents submitted to the government during 1953 and 1955.

 The defendants have pleaded as an affirmative defense to this action that when the government in 1953 investigated the acquisition by Grinnell of a contemplated purchase of 62% of the stock of A.D.T. and when in 1955 the government again reviewed the contemplated acquisition of assets of General Alarm Company of Delaware by A.D.T. these two transactions were concluded without opposition by the Department and in reliance upon representation of the Department that it intended to take no action with reference to those transactions. An affidavit has been filed by the then and present counsel for the defendants in support of their objections to the government's demand for documents, urging that the government is not entitled to review again the action of the defendants. It is clear that at that time the government did not "presently intend to take action to the proposed acquisition" but it is also clear from the government's letter that it reserved all rights to take further action if other evidence or subsequent developments should warrant it. It becomes apparent from the government's bill of complaint that it is now acting under that reservation of rights. This entitles the government to completely review the affairs of these defendants in aid of a charge of unlawful conspiracy amongst the defendants to restrain and monopolize interstate trade and commerce. The objection of the defendants on these grounds is, therefore, overruled. Clearance for acquisition of stock is not equivalent to a promise of immunity from suit for an alleged violation of the antitrust laws. Neither in fact and in law can it be so construed. Nor can a "present intention not to take action" be equated with future immunity. It is not a final disposition.

GOVERNMENT'S OBJECTIONS TO DEFENDANTS' ADDITIONAL INTERROGATORIES FILED ON DECEMBER 21, 1961

 The objections to these eight interrogatories are sustained on the single ground that they are oppressive and unduly burdensome. All the interrogatories are predicated on the first one which seeks information about each agency of the Government of the United States without defining what they mean by it. I presume that in its broadest scope "agency" would include any private concern which collects taxes and remits

them to the federal government or sells postage stamps or otherwise acts as an agent of the government. If the person who drew up these interrogatories realized the scope of the questions being asked, then it would seem that a charge of harassment could be well lodged. The period of research necessary in this case would delay the trial for many years.

The other objections to the interrogatories are not considered.

In the above, the Court has attempted to rule on all motions and objections filed through December 21, 1961. Counsel should immediately call any omissions to the Court's attention.

In filing objections to interrogatories and other papers the defendants have placed the "Notice of Hearing" on the top sheet so that it becomes necessary for the Court to look for the second sheet before it can decide which defendant it refers to. The defendants will adopt the practice of placing the notice of hearing on the last sheet of the group or clearly designating on the top sheet which defendant the papers refer to.