**UNITED STATES of America,**
**Plaintiff,**

v.

**Esther Lee PURDOME (formerly**
**Rimann), Defendant.**

**No. 12572.**

United States District Court
W. D. Missouri, W. D.

May 15, 1962.

Fred B. Ugast, Chief, General Litigation Section, Dept. of Justice, Washington, D. C., F. Russell Millin, U. S. Atty., Kansas City, Mo., for plaintiff.

William B. Springer, Hoskins, King, Springer & McGannon, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This is an action to enforce the alleged personal liability of defendant as a transferee of certain assets of the estate of Wolf C. Rimann, deceased. The precise question to be ruled is whether defendant's objections to plaintiff's interrogatories should be sustained. Defendant's objections are overruled in this case. This opinion is published in order that the Bar of this Court will be advised of the juridical view that one of the new judges of this Court takes of the discovery devices of the Rules of Civil Procedure.

Plaintiff's complaint alleges that the trust fund doctrine be applied and also proceeds pursuant to 31 U.S.C.A. § 192 in an effort to impose personal liability on defendant. Defendant was the administratrix c/t/a of the deceased Rimann in both a domiciliary probate administration in Missouri and was one of two ancillary probate administrators in Kansas. She was also his widow and an heir and legatee. Plaintiff alleged that defendant and her son received certain property of the estate without giving value for it. Plaintiff also alleged that defendant, as administratrix, permitted distribution of that property before paying debts owed by the estate to the United States. The debt is alleged to be deficiency assessments against the deceased Rimann for income taxes for the years 1945 and 1946, plus interest and penalties.

After answer, defendant filed a motion for preliminary hearing pursuant to Rule 12(d), 28 U.S.C.A. Judge Ridge, while still a judge of this Court, denied that motion. Defendant's objections to plaintiff's interrogatories were not then ruled.

Plaintiff's interrogatories asked defendant to state the following information regarding claims paid by her as administratrix c/t/a of the estate: "(a) Amount of claim; (b) Recipient of payment. (c) Date of payment. (d) Whether claim was secured or unsecured, and if secured, indicate the form of secured transaction (such as first mortgage, deed of trust, mechanic's lien, etc.), and date obligation arose. (e) Whether claim was paid in the domiciliary or ancillary administration. (f) Whether claim was paid in full or partially, and if partially, state the amount of the claim not paid. (g) Whether claim was paid in cash or in other form of property, and if in other property, state the property. (h) Whether claim arose from funeral expenses, or expenses of administration of the estate."

Defendant filed what must be considered as general objections to each of the subparagraphs, asserting that the interrogatories (1) were premature, (2) sought information already known to plaintiff or easily obtainable from records equally available to both parties; (3) were improper because they required defendant to draw a legal conclusion as to which items were "claims paid" and whether a claim was "secured" or "unsecured"; (4) were improper because they sought data and information not readily within the knowledge of the defendant and would therefore require research and compilation of data and information not readily known to defendant; (5) were improper "because they would impose an undue burden of labor and expense upon defendant"; (6) were improper interrogatories because they want to impose upon defendant "the burden of proving plaintiff's case"; and (7) were improper because they are not relevant to the issues raised by the complaint.

The Rules of Civil Procedure cover each step in litigation from beginning to end. Each separate rule is related to the general plan of the others and must be so construed. Notice pleading, for

example, makes no sense unless considered in relation to the broad philosophy of full disclosure upon which the rationale of the whole and integrated plan of procedure rests. Rules 21 to 37, relating to discovery, represented a significant innovation in federal practice at the time of the promulgation of the new procedural system.

Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1945), held that the various instruments of discovery contained in those particular rules serve "(1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues."

That case emphasized that "civil trials in the federal courts no longer need be carried on in the dark" (1. c. 501, 67 S.Ct. at 389); that "the deposition-discovery rules are to be accorded a broad and liberal treatment" (1. c. 507, 67 S.Ct. 392); and that "no longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case" (1. c. 507, 67 S.Ct. at 392).

Of course, Hickman and the Rules recognize that there are ultimate and necessary boundaries to discovery, but the spirit and philosophy of the Rules as a whole are geared to the idea that broad pretrial discovery advances the administration of justice in the federal courts.

■ When discussion is narrowed to Rule 33 as a part of the whole of the discovery process, Judge Holtzoff's statement in Aktiebolaget Vargos et al. v. Clark, 8 F.R.D. 635, 636 (D.C.D.C., 1949), has been accepted and applied by the judges of this Court. We agree with them and with Judge Holtzoff when he stated "in the Federal courts interrogatories serve two distinct purposes: First, to ascertain facts and to procure evidence, or secure information as to

where pertinent evidence exists and can be obtained; second, to narrow the issues. These two functions of interrogatories are distinct and separate."

■ The second function is as important as the first. We also agree with Judge Holtzoff's amplification of that function. He stated "the second function may be attained by exacting admissions or obtaining commitments as to the position that an adverse party takes as to issues of fact, but not as to issues of law."

■ And we further agree that "the utmost liberality should prevail in allowing a wide scope to the legitimate use of interrogatories. This course is in the interest of a fair trial, eliminating surprise and achieving substantial justice."

■ Judge Holtzoff made clear that "interrogatories are not to be used in an oppressive manner" and his recognition of the inherent limitations likewise has been applied by the judges of this Court. See, for example, Judge Reeves' decision in Onofrio v. American Beauty Macaroni Co., 11 F.R.D. 181 (D.C., Mo. 1951), a case frequently cited by counsel in support of objections to interrogatories. But application of the protective device of Rule 30(b) has been, and will continue to be, the exceptional situation in this Court. Judge Ridge, in Tinker & Rasor v. Pipeline Inspection Co., 16 F.R.D. 465, 466 (and in many other cases) made clear that "the interrogatory procedure of Rule 33, Fed.Rules Civ. Proc. 28 U.S.C.A. can be a great aid to the Court and to the parties in narrowing the issues at pre-trial and advising each party prior thereto of the exact claims upon which his opponent intends to stand at the trial on the merits. Accordingly, objections that the questions put are not purely factual should be critically examined and answer thereto required, if an answer would tend to aid in narrowing the issues."

In regard to an objection not unlike some involved in this case, Judge Ridge

held "that 'plaintiff is asking defendant to submit its evidence now in advance of the trial' is not a valid objection to interrogatories. Such is the purpose of that discovery vehicle."

■ Counsel should recognize that courts deal with cases—not with words. For the enlightenment of the Bar, this Court indicates its general agreement with Professor Moore's conclusions as found on page 2311–2312 of 4 Moore's Federal Practice where he stated that "(I)n passing upon objections to interrogatories the question before the court should not be whether, as a theoretical matter, the interrogatory calls for an expression of opinion, but whether an answer would serve any substantial purpose * * * (I)f the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, * * * the court should require answer. * * * to say that 'contentions' are not a proper subject of interrogatories is to subvert the whole theory of the rules and to make it more difficult for the party to find out what his case against him is about than it was under the old practice. * * * (L)iberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted and encouraged by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained."

In this case defendant neither cites nor attempts to bring herself within the provisions of Rule 30(b). The last sentence of Rule 33 makes applicable "the provisions of Rule 30(b) * * * for the protection of the party from whom answers to interrogatories are sought under this rule."

■ And Rule 30(b) expressly provides that protective relief will be given only "for good cause shown". A party is entitled to protective relief only on a showing of good cause. Judge Ridge long ago made clear that "general objections

to interrogatories are not proper" (Bowles v. Safeway Stores, 4 F.R.D. 469, 470 (D.C.Mo., 1945). It was also noted in that case that "(I)t is no objection to interrogatories propounded under Rule 33, supra, that the information sought is within the knowledge of the interrogating party." (l. c. 470.) And "the purpose of interrogatories, under Rule 33, is to obtain admissions from the adversary, thereby limiting matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court." (l. c. 471.)

And more recently, Judge Ridge, in Glick v. McKesson & Robbins, 10 F.R.D. 477 (D.C., Mo., 1950), emphasized and reiterated that the Court's power to grant protective relief in connection with Rule 33 was controlled by Rule 30(b). It was there held that "(T)o secure the protective measures provided for in that subsection, it is incumbent that a showing of 'good cause' be made establishing some plainly adequate reason therefor." (l. c. 479.)

A particular and specific demonstration of fact, as distinguished from a stereotyped and conclusory statement, is necessarily required to demonstrate the "good cause" required by Rule 30(b). We agree with Judge Ridge that "(T)he bare statement, expressing a desire on the part of a party required to make answer to interrogatories, that answers thereto be limited, without a practical and substantial reason shown to exist, revealing some injustice, prejudice, or consequential harm if answer thereto is required, is of no importance. The vitalizing element of 'good cause' as used in Rule 30 (b), supra, is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." (l. c. 479.)

■ In this case, neither defendant's objections nor her suggestions in support demonstrate a factual situation that could support any finding that justice requires

that defendant be protected from annoyance, embarrassment, or oppression within the meaning of Rule 30(b). Defendant, in fact, concedes that "all the information * * * is readily available * * * through the probate court records of Wyandotte County, Kansas, and Jackson County, Missouri".[1]

Defendant also protests that she "should not be compelled to perform * * * burdensome labor on behalf of the plaintiff". That sort of argument is but a protest against the rationale and the spirit of the Rules. Neither party is ever required to work for the other. The theory of the Rules is that counsel and the Court are jointly engaged in an orderly search for truth in accordance with the best modern procedural devices derived from our ancient heritage of due process of law. One of Chief Judge Murrah's most quoted statements teaches judges and lawyers alike that "while the case is in the hands of the lawyers before it has been filed in court, it is their business—but after it reaches the court, it is the public's business, and it is the duty of all to see to it that it is moved along to final disposition". Improper objections to interrogatories do not perform that function.

Because defendant's objections neither plead nor demonstrate "good cause" within the meaning of Rule 30(b), they must be overruled.

The Court, however, believes that good cause has been shown within the meaning of Rule 33 for it to enlarge the time within which the interrogatories are to be answered.

When this Court assumed jurisdiction of the case it asked counsel for both parties to suggest a plan of procedure. With commendable cooperative spirit, counsel agreed that the Court should first pass on defendant's objections to plaintiff's interrogatories before the case be set for pretrial. Counsel for the plaintiff also indicated that they believed a further stipulation of facts could be agreed upon. (A first stipulation of facts was filed after the first pretrial conference held before Judge Ridge.) Plaintiff's counsel suggested that it might be possible to stipulate that "the records in each of the probate proceedings, the inheritance tax return, and certified copies of Internal Revenue Service's records" be received in evidence without either party conceding their legal effect on the issues raised. Counsel for the defendant's reply did not rule out this possibility. Defendant, however, quite correctly expressed the thought that "much could be accomplished if we could sit down here (in Kansas City) with the attorney who is handling the case out of * * * Washington".

A conference between the actual trial counsel in this case might well result in a further stipulation that would provide all the ultimate facts that either party might want in evidence in regard to the claims allowed and paid in each probate administration. Should such a conference produce such a result there would never be any necessity for answering the interrogatories.

Because of the excellent spirit of cooperation evidenced by counsel for both parties in response to the Court's first letter, it is now ordered that counsel arrange for a conference between themselves for the purpose of attempting to agree upon a further stipulation of facts and to agree further on a plan of procedure for trial; that counsel for the plaintiff assume the initiative for the arrangement of the conference and that it also arrange for its Washington Attorney to be in attendance at the scheduled conference; that the Court be advised within

---

1. Quite inconsistently, defendant asserts in another place that "both estates have been closed for more than six years, and defendant does not have * * * readily available to her the information which the interrogatories seek to elicit". Slight familiarity with probate procedure supports the idea that defendant's first statement is more accurate than the second.

ten (10) days from the date of this Memorandum and Order of the date of the conference; and that counsel thereafter present to the Court a report of their conference when held.

The Court also suggests that if counsel would like tentatively to schedule a pretrial conference a day or two after the date of the scheduled conference of counsel in order to save Washington counsel another trip to Kansas City, it will do its best to accommodate them. Defendant will not be required to answer plaintiff's interrogatories until the Court is advised of the results of the conference between counsel. If necessary, an order fixing the time for answer will be entered at that time.

For the reasons stated, defendant's objections to plaintiff's interrogatories are overruled. Defendant, however, is not required to answer plaintiff's interrogatories within the usual fifteen days. Counsel will confer as above indicated and shall report in writing the results of their conference not later than five (5) days after it is held. Defendant's time to answer plaintiff's interrogatories is accordingly enlarged for good cause until further order of the Court. IT IS SO ORDERED.