TWIN CITY FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

AMERICAN TITLE INSURANCE COMPANY, Defendant.

No. 14032–1.

United States District Court
W. D. Missouri, W. D.

Dec. 12, 1962.

Achtenberg, Sandler & Balkin, Kansas City, Mo., for plaintiff.

Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

Rule 34 of the Rules of Civil Procedure authorizes the court, upon motion and

for good cause shown, to order any party "to produce and permit the inspection and copying or photographing" of practically anything "not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)". Rule 26(b) of the Rules of Civil Procedure provides that "[u]nless otherwise ordered by the court as provided by Rule 30(b) or (d)", the scope of inquiry covers "any matter, not privileged, which is relevant". And more importantly that related rule expressly provides that "it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence". Defendant has not sought any protective order pursuant to Rule 30(b) or Rule 30(d) of the Rules of Civil Procedure.

We think that what we said in United States v. Purdome, W.D.Mo., 1962, 30 F.R.D. 338, by analogy, reflects our view of the law and is sufficient to answer defendant's argument that "plaintiff is endeavoring to embark upon a massive fishing expedition" and other similar arguments presented in its suggestions.

The discovery problem in this case, as it is in most, is not whether the Court is going to allow a party to embark upon a fishing expedition but whether the Court may make the voyage more pleasant for those who are required to become passengers by the Rules of Civil Procedure.

Defendant concedes that "plaintiff should be permitted to inspect and copy some of the documents to which it refers in its motion". Judge Gibson extended defendant's time to file suggestions in opposition to plaintiff's motion from November 17, 1962 until December 5, 1962, on the ground that "the requested documents, records and papers are variously located throughout the United States and defendant needs additional time to determine the location and nature of the documents within its control".

It is apparent that defendant has used the granted extension to good advantage because it now states that it has information that some of the records are in Miami, Florida, some in the Kansas City, Missouri, area, and some may be in the State of Oklahoma.

In view of this fact, we can not look favorably on defendant's suggestion that it "be given sixty days from the date of the Court's order to locate and cause to be brought to Kansas City, Missouri, all documents required to be produced".

By the same token, the Court is cognizant of the fact that once counsel are advised that no protective order is to be granted, the requests of him who would inspect tend to become more definitive and the resistance to anything other than a meager inspection on the part of him who is required to produce become less violent.

Consistent with the practice of this Court we now indicate that plaintiff's motion to produce will be sustained but we do not now enter a formal order to that effect. Counsel for the parties will be afforded an opportunity to confer for the purpose of working out an agreed form of order that will cover, in accordance with counsels' convenience, the practical aspects of where the various documents and papers are to be inspected, who will be authorized to make the inspection, who shall be present at the inspection, the exact dates on which the inspection will take place, how particular documents are to be designated for copying, who is to do the copying, and all of the other practical details with which experienced counsel are familiar.

Toward that end, counsel are directed to confer and prepare an appropriate order sustaining plaintiff's motion to produce in accordance with what we have above indicated. The initial conference of counsel shall be held not later than

three (3) days of the date of this memorandum and order. Counsel for the plaintiff shall prepare the first draft of the agreed order and submit the same for approval of the defendant within two (2) days after the initial conference of counsel. Having in mind the possible necessity that defense counsel may have to obtain the approval of persons who live outside Kansas City, defendant shall have one (1) week in which to indicate its approval of plaintiff's draft of the proposed order. The approved order shall thereafter be presented to the Court for formal entry at counsel's earliest convenience.

On what the Court considers the off chance that counsel may not be able to agree on the form of the order, the Court directs that it be immediately notified of such an unhappy fact so that a conference may be arranged at the earliest convenience of the Court and counsel.

The Court adds one final word. We note that defendant pleads in paragraph 12 of its answer "a total failure or lack of consideration"; in paragraph 13 that it was not under duty to insure "until payment of the charges for title insurance applied for had been made"; and in paragraphs 14 and 15 other alleged defenses, which, if legally sound, would rest upon proof of a limited number of facts. We mention this only for the purpose of advising counsel that it has set a pre-trial docket for the first two weeks of January, 1963, and should *both* parties advise the Court within two (2) days that they both want a pre-trial conference at that time, the Court will find a convenient time during that period to accommodate counsel. Neither what we have added in this final word, nor counsel's desires in regard to holding a pre-trial conference in January shall have any effect on the specific orders made in connection with the motion to produce or on the time schedule within which the formal order sustaining that motion is to be presented.

It is so ordered.