**In re UNITED STATES of America**
**v.**
**ALUMINIUM LIMITED, Alcan Aluminum Corporation and National Distillers and Chemical Corporation.**
**Civ. A. No. 1174–64.**

United States District Court
D. New Jersey.
Jan. 5, 1966.

Martin Tuman, Asst. U. S. Atty., Newark, N. J., Gerald A. Connell, Dept. of Justice, Washington, D. C., for the United States.

Frank C. O'Brien, Pitney, Hardin & Kipp, Newark, N. J., Isaac Shapiro, Milbank, Tweed, Hadley & McCloy, New York City, for Aluminium Ltd., Alcan Aluminum Corp. and National Distillers and Chemical Corp.

COOLAHAN, District Judge.

This matter came on before the Court on plaintiff's objections to certain of the interrogatories propounded by the defendant, Aluminium Limited. After argument, the matter was reserved for disposition by the Court.

The problems raised by these interrogatories and the objections thereto are common ones. (1) Are the requests too specific; (2) are they relevant; (3) do they seek conclusions; (4) are the answers privileged.

In the leading cases on the above mentioned subjects support can be found for either a restrictive or a permissive approach to discovery.

The interrogatories in question will be listed numerically and the Court's disposition will be made after each interrogatory.

INTERROGATORY 5(a): State the name of each product which is included within the term "aluminum sheet products" as used therein. (As referred to in paragraph 18 of the complaint).

■ The Government objects to this interrogatory as being burdensome and irrelevant claiming that the term "aluminum sheet products" is not one of the lines of commerce involved in the charges, and is mentioned in the complaint only by way of background. It therefore contends that the inquiry is not relevant to the subject matter of the pending action as required by Rule 26.

Aluminium contends, however, that the complaint and the affidavits charge a threat to competition in building products which includes a variety of sheet products, as well as a specific line of blinds, awnings and sidings. In the complaint, in paragraph 23(a) (b) (c) (d) and (e), the Government refers not only to sidings, blinds, awnings, but also to "other aluminum products." (See defendant's interrogatory 9 and answers thereto).

Again, the same references are made in the affidavits filed by the Government and made by J. E. Waters, at page 5, and Lionel Epstein, in paragraphs 29 and 30 of his affidavit. In plaintiff's "Statements on Lines of Commerce and Sections of the Country" the plaintiff refers to siding, awnings, venetian blinds, blind strips and aluminum sheet and plate. Therefore, interrogatory 5(a) should be answered; the plaintiff should clarify once and for all which additional aluminum sheet products (beyond the products listed in answer to defendant's interrogatory 9) it contends will be effected by the merger, including sheet itself, if such contention is to be made.

INTERROGATORY 5(c): With respect to each of the products enumerated in response to interrogatory 5(a) state the name and address of each domestic producer of such product indicating as to each whether it is an integrated or non-integrated producer and the total volume of production (in units) and sales (in dollars and units) of each such product by each such producer for each of the years 1960 through 1964.

■ Inasmuch as the Court has ruled that 5(a) should be answered this question is also relevant insofar as it refers to the products which the Government contends will be effected by the merger, if allowed.

If the Government has the information requested in 5(c) as to the individual producers' sales and output in the lines of commerce involved, including any of the products now listed in the Government's answer to interrogatory 5(a) supra, such information must be given. Since this is a merger case and the Government alleges increasing concentration, competitors' market shares are relevant as well as the defendant's share of the overall market.

INTERROGATORY 5(d): State the total volume of industry sales (in dollars and units) of each of the products named in response to paragraph (a) for each of the years 1960 through

1964, broken down by captive and non-captive consumption.

The Government is similarly directed to answer this question as relevant with respect to the products mentioned in its answers to 5(a) and 5(c), if such information is in its possession.

INTERROGATORY 5(e): State whether or not plaintiff ever investigated or challenged the legality of the acquisitions of a 48% interest in Alsco, Inc., by Kaiser Aluminum & Chemical Corporation.

■ The plaintiff alleges that this interrogatory is irrelevant. It admits not challenging the merger, but leaves open the question as to whether or not an investigation was ever made. Aluminium contends that if such an investigation had been made the Government may possess information subject to further discovery. The present phrasing of this interrogatory does not seem to be relevant. If the defendant has any information or belief that such an investigation revealed evidence which may be relevant to the present case direct inquiry may be made thereof. But if the defendant has no specific information in mind and is merely speculating, then such request is not meritorious and need not be accommodated.

INTERROGATORY 10(f) (iv): With respect to each non-integrated aluminum fabricator state the name, address, firm, position and relationship to such fabricator of each person known or believed by plaintiff to be in possession of evidence or other information concerning such claimed enhancement.

INTERROGATORY 10(f) (vi): State the name, address, firm and position of each person known or believed by plaintiff to be in possession of evidence or other information concerning such alleged detriment to competition.

■ The Government objects on the grounds that the requests in 10(f) (iv) and 10(f) (vi) come within the confidential informer privilege, while Aluminium contends that they fall within judicially established exceptions to it. Aluminium

relies heavily on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) which case altered the scope of the privilege considerably. The privilege must now be limited both "by its underlying purpose", and by "requirements of fundamental fairness." 353 U.S., at page 60, 77 S.Ct. 623.

■ The Rule concerning disclosure is to protect the public interest in the unintimidated free flow of information which aids law enforcement. To reveal informers could deter others either through fear of retaliation or through reluctance to let competitors know certain business information. Against this public interest the Court must balance the other side of the equation, namely, the defendant's need to know the informer's identity to adequately prepare his case. Aluminium quotes the following broad proposition of the *Rovario* opinion:

"Where disclosure of an informer's identity * * * *is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give way".* (Defendant's emphasis).

Nevertheless, there is no question that something of the privilege still remains and that a defendant is not entitled to every bit of disclosure which he feels would be helpful. The real thrust of *Rovario* remains a balancing of the public's and the defendant's interest.

■ The Third Circuit has adopted this interpretation of *Rovario*, holding that although the information sought may be helpful to the defendant, it may still not be essential to a fair opportunity for defendant's trial preparation. And if it is not essential his interests will not overcome the privilege. Mitchell v. Roma, 265 F.2d 633, 636 (3rd Cir. 1959).

■ The Government questions the defendant's need for answers to these interrogatories in order to find out who has the additional information required. Inasmuch as Aluminium and National Distillers are both in the aluminum business the Government argues this is hardly a classic situation of a litigant not knowing all the witnesses.

It is true that Aluminium must at least be quite familiar with those in the industry generally, though perhaps not with every single person the Government has contacted.

However, Aluminium replies it only asks for those with information of certain alleged competitive advantages caused by the merger and of the alleged detriment to competition. It contends it should not have to survey the entire industry to find out who has specific information on these charges if that information is in the hands of the plaintiff.

With this the Court is in accord. The request for those "believed" to have knowledge of this kind should be disallowed. The Government would have to base such answers on speculation and deduction of which the defendant seems equally capable. As to those "known to have" information the discovery being sought by 10(f) (iv) and 10(f) (vi) should be allowed as a legitimate request not covered directly by the informer privilege.

INTERROGATORY 10(f) (5): State whether plaintiff contends that as a result of such enhancement (of any competitive advantage) there has been detriment to actual or potential competition, or both, and, if so, describe the nature and extent of such detriment, specifying whether the competition involved is actual or potential, or both.

In its answer to the aforementioned interrogatory, the plaintiff contended that as a result of Aluminium's merger it will gain competitive advantages which will produce a detriment both to actual and to potential competition. They object to the remainder of this interrogatory, to wit, the description of the nature and extent of such detriment, as calling for conclusions on speculative opinions.

■ The Court feels that the plaintiff should be more specific in its answer to the second part of the interrogatory insofar as inquiry is made concerning the na-

ture of such detriment; plaintiff need not answer as to the extent of alleged detriment on diminution.

■ It seems to this Court that the old rule that such conclusory answers are not proper objects of discovery has fallen by the wayside and while some authorities do follow this restrictive philosophy several recent cases and commentators have criticised such exclusion. Professor Moore states:

> "To say (as a theoretical matter) that 'contentions' are not a proper subject of interrogatories is to subvert the whole theory of the rules and to make it more difficult for the party to find out what the case against him is about than it was under the old rules." (30 F.R.D. 341).

See Meese v. Eaton Mfg., 35 F.R.D. 162 (N.D.Ohio, 1964).

Similar views are expressed in United States v. Purdome, 30 F.R.D. 338 (W.D. Mo., 1962) and Hartsfield v. Gulf Oil Corp., 29 F.R.D. 163, 165 (E.D.Pa. 1962).

In the recent case of United States v. Renault, 27 F.R.D. 23, 25 (N.Y.1961) Judge Dimock held:

> "Rather than impose an inflexible rule against interrogatories calling for opinions, contentions or conclusions, it would be preferable to allow those interrogatories * * * if, on balance or convenience, answers to them would serve any substantial purpose, either in leading to evidence or in narrowing issues."

While Judge Dimock rejected the old rule he still pointed out that the particular interrogatory would have to be sufficiently necessary and reasonable.

With respect to the specific interrogatory in question, the Court finds it is essential to Aluminium in its attempt to obtain a more particularized version of the Government's allegation and should be allowed. The Government's answer might be largely speculative about the future and would involve legal conclusions. This is only common sense for this is a Section 7 action wherein the complaint is inherently a prognosis about the likely effect of the merger measured against the standard of the anti-trust laws.

The affidavits and briefs submitted by the plaintiff admittedly contain such detailed information about the industry. It is still reasonable to require a concise regrouping of that information as answers to this interrogatory so that Aluminium has a clear picture of the consequences on which the Government predicates each detriment to competition. The Government need not present every shred of its evidence here, any more than in answer to the interrogatories considered earlier. And in some instances reference to those answers will suffice. But such cross-reference is different from refusing to answer on the grounds that opinions are requested.

As noted above the Court holds that *the extent of the diminution complained of* should not be answered.

INTERROGATORIES 11(d) and (f) —(In reference to paragraph 23(b) of the complaint):

(d) With respect to each such line of commerce and each such section of the country state the facts on the basis of which it is claimed that potential competition between National and Aluminium existed;

(The interrogatory then asks if it is intended that such potential competition ended with the merger).

(f) If so, state with respect to each such line of commerce and each such section of the country the facts which form the basis of such contention.

■ These interrogatories may be answered. The Court finds no merit in the Government's characterization of these requests as seeking every minute detail of evidence or all the evidence by which the plaintiff intends to prove his case. In contrast to those cases cited by plaintiff where interrogatories were rejected, here the defendant is merely seeking a more concrete idea of the kinds of proof and the nature of the factual contentions it will have to meet.

(In reference to paragraph 23(c) of the complaint): INTERRROGATORY

12(a): Define the term "competition generally", as used therein.

■ If the Government contends by the term "competition generally" that other aspects of competition within the aluminum business other than those set forth in paragraphs (a) (b) (d) (e) (f) and (g) of the 23rd paragraph in its complaint will be harmed by the merger then the Government will have to answer more specifically. The contention of the Government that this request calls for a definition and is therefore improper is answered by the Court's statement concerning interrogatory 10(f) (v).

INTERROGATORIES 12(d) and (e): (d) With respect to each such line of commerce and each such section of the country, state the manner in which competition generally may be substantially lessened.

(e) With respect to such line of commerce and each section of the country state the name of each fabricator or seller whose ability to compete will be, or is likely to be, adversely affected, and the nature and extent of such adverse effect.

■ The Court's discussion of 10(f) (v) is fully applicable here. These are reasonable requests for a fuller explanation of the basis of the Government's charges.

INTERROGATORY 12(f): State the name, address, firm and position of each person known or believed by plaintiff to be in possession of evidence or other information concerning any of the matters referred to in paragraph (a) through (e) above.

The Court's discussion of 10(f) (iv) and (vi) is fully applicable here and this interrogatory should be answered.

(In reference to paragraph 23(d) of the complaint):

INTERROGATORY 13(a): State the facts which form the basis for the allegation that as a result of the challenged acquisition, acquisitions of other nonintegrated fabricators of aluminum products may be fostered.

■ The Court's discussion of 11(d) and (f) is applicable here. This interrogatory should be answered.

INTERROGATORY 13(d): Describe the nature and extent of the claimed detriment, respectively, to actual and potential competition.

The answer to this is governed by the findings directed to interrogatory 10(f) (v): the nature of the claimed detriment should be specified but not the extent thereof.

INTERROGATORY 14(a): (In reference to paragraph 33(e) of the complaint).—State the facts which form the basis of the allegations contained therein.

The Court's discussion of 11(d) and (f) is applicable here. The interrogatory should be answered.

(In reference to paragraph 23(f) of the complaint):

INTERROGATORY 15(e) (iii): With respect to each such line of commerce and each such section of the country, state the nature and extent of the claimed detriment, specifying whether the competition which will, or is likely to be, injured will be actual or potential, or both.

■ The answer to this is governed by the findings directed to interrogatory 10(f) (v), i. e., the nature of the claimed detriment should be specified but not the extent thereof.

INTERROGATORY 18: With respect to each paragraph and each subparagraph of Interrogatories 1 through 16 above state the name, address, firm and position of each person (excluding defendants, their officers, agents and employees) who has submitted oral or written information to plaintiff or who has been interviewed by plaintiff in connection with any of the matters referred to therein.

Here again the Government raises the confidential informer privilege and lists in its answer to the aforementioned interrogatory only those who have not requested anonymity; therefore, the re-

quest must be measured against the same balancing test outlined above in regard to interrogatory 10(f) (iv) and 10(f) (vi). The defendant seeks not only a list of prospective witnesses but also the identity of every person interviewed by the Government.

Many Courts, in response to similar requests, have allowed earlier disclosure of the proposed witnesses as a compromise way to fulfill the intent of Rule 26(b) while preserving something of the privilege. See United States v. Renault, supra.

Aluminium relies on several cases permitting cross-examination of testifying Government experts to explore the sources of the data on which their analysis and conclusions were based. (United States v. Swift & Co., D.C., 24 F.R.D. 28; United States v. Continental Can, D.C., 22 F.R.D. 241). However, these trial rulings were necessarily addressed to the particular testimony given. Neither those decisions nor the liberal discovery now allowed in Federal Courts supports Aluminium's attempt to extend *Swift* to the point of obtaining the source of all Government information even before trial. Allowing the defendant to thus prematurely "test the foundations" of all possible Government testimony would destroy whatever was left of the confidential informer privilege in antitrust cases. Moreover, while such a complete preview of its opponent's case would no doubt be helpful to Aluminium, "[t]here is nothing in the Federal Rules of Civil Procedure that compels either party to present its case in advance of trial." United States v. Grinnel Corp., D.C., 30 F.R.D. 358, 362.

Second, Aluminum argues that a comparison of all those contacted by the Government with those who actually testify at trial might indicate some whose testimony was avoided because it would be more favorable to the defendants. The tactical advantage of having the Government, in effect, suggest witnesses for the defense is clear; whether that advantage is so critical to Alumi-

num's fair opportunity to prepare its case that it justifies an exception to the informer privilege is another question, and one to which the answer is clearly in the negative.

Therefore, interrogatory 18 shall be answered by the Government only as to those persons whom it intends to call as witnesses at the trial.

Let an appropriate order be submitted.