In re MILACRON, INC., Debtor(s).

No. 09–11235.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 15, 2010.

Kasey T. Ingram, Marysville, OH, Kim Martin Lewis, Patrick Burns, Dinsmore & Shohl LLP, Tim J. Robinson, Cincinnati, OH, for Debtor.

Douglas N. Hawkins, Office of the United States Trustee, Monica V. Kindt, Cincinnati, OH, for U.S. Trustee.

Timothy J. Hurley, W. Timothy Miller, Cincinnati, OH, for Creditor Committee.

## ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH BANKRUPTCY RULE 2019

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on Ronald Brown's ("Brown") motion to compel compliance with Bankruptcy Rule 2019 (Doc. 907), Avenue Special Situations Fund IV, L.P., et al.'s response (Doc. 918), and Brown's reply (Doc. 932).

The issue before the Court involves the interpretation and application of Bankruptcy Rule 2019 which requires "... every entity or committee representing more than one creditor or equity security holder ..." to file a verified statement disclosing, among other things, the names and addresses of the creditors or equity security holders, the nature and amount of their claims or interests, and the times at which they acquired those interests.

The instant dispute arises in the context of a July 16, 2010 motion authorizing certain noteholders to commence and prosecute various causes of action valued at $50 million against certain directors and officers of the Debtor, also known as a "Gibson" motion. (Doc. 895). In that motion, the movants identified themselves as "Certain Holders of Milacron 11½% Senior Secured Notes issued by MI 2009 Inc. (f/k/a Milacron, Inc.) managed by Avenue Capital Group and DDJ Capital Management LLC." One of the directors and officers, Ronald Brown, filed the instant motion, requesting that the "nameless movants" comply with Rule 2019. The nameless movants responded with an amended Gibson motion (Doc. 919) wherein they further identify themselves as being Avenue Special Situations Fund IV, L.P., Avenue Investments, L.P., Avenue CDP Global Opportunities Fund, L.P., Avenue International Master, L.P. and Avenue Special Situations Fund V, L.P. (hereinafter the "Avenue Movants"). The Avenue Movants are, apparently, two Delaware foreign limited partnerships, a Delaware limited partnership, a Cayman Islands foreign limited partnership, and a Cayman Islands exempted limited partnership.

In his motion to compel compliance with Rule 2019, Brown contends that to prevail on their Gibson motion, the Avenue Movants must establish that they will be able to assert colorable claims that will benefit the estate. Brown also notes that the Avenue Movants purport to be the "only parties with a real economic stake in the derivative claims." Brown contends that the Court cannot evaluate the merits of the Avenue Movants' statements without knowing the identity and interests of the Avenue Movants.

The Avenue Movants do not directly dispute Brown's above-stated contentions. Nor have they alleged that the disclosures

sought by Brown are commercial information protected under Rule 9018. Rather, the Avenue Movants contend that Rule 2019 does not apply to them because they are not an "entity," they are not a "committee," and they do not "represent more than one creditor or equity security holder." The Avenue Movants rely on the recent case of *In re Philadelphia Newspapers, LLC,* 422 B.R. 553 (Bankr.E.D.Penn. 2010) in support of their position. *Philadelphia Newspapers* does support the Avenue Movants' position, but the case is not binding on this Court. Further, the court in *Philadelphia Newspapers* went to great lengths to point out that the five bankruptcy courts to have addressed the application of Rule 2019 are "sharply divided," noting that four of the cases are based on plain meaning but are evenly split on what the plain meaning is and that two of the courts reached diametrically opposite conclusions based on the legislative history of the Rule. *Id.* at 565. In sum, the courts that have gone before us offer no clear path.

In paragraph 10 of Avenue Movants' response (Doc. 918), they state that "It does not represent any creditors other than its members." The use of the word "it" indicates that the Avenue Movants are acting as an entity. The balance of the sentence indicates that the Avenue Movants represent more than one creditor. Thus, as we read Rule 2019, the Avenue Movants are an entity representing more than one creditor.

This conclusion is supported by the current Preliminary Draft of Proposed Amendments to the Federal Rules of Bankruptcy Procedure that would expand the scope and content of the disclosure requirements of Rule 2019. *See Philadelphia Newspapers,* 422 B.R. at 555. *See also* Mike Spector and Tom McGinty, *Bankruptcy Court Is Latest Battleground*

*for Traders,* Wall St. J., September 7, 2010 at A1.

Also, given the context of the underlying Gibson motion, i.e., that the Avenue Movants will have to show, among other things, that they have a colorable claim against the estate and that the Debtor's refusal to bring the claim is unjustified, it is inevitable that the Avenue Movants will have to identify their members with more transparency. This is especially true given the nature of the alleged wrongdoing, i.e., breach of fiduciary duties by certain of the Debtor's directors and officers. While the group of lenders in *Philadelphia Newspapers* may not have been considered an "entity" because they were only "steering" a bankruptcy case, the group of noteholders in this case are plaintiffs intending to bring a lawsuit. Full disclosure of the identity of the Avenue Movants, as plaintiffs, is warranted and not prejudicial.

Lastly, this conclusion is further supported by the general proposition that the Bankruptcy Court is a public place. "While the case is in the hands of the lawyers before it has been filed in court, it is their business—but after it reaches the court, it is the public's business, and it is the duty of all to see that it is moved along to final disposition." *U.S. v. Purdome,* 30 F.R.D. 338, 342 (W.D.Mo.1962)(quoting Chief Judge Murrah).

Accordingly, the Avenue Movants are hereby ORDERED to file a verified statement setting forth the data required by Rule 2019(a) within fourteen (14) days of the entry date of this Order,;

Further, pursuant to Rule 2019(b), the Avenue Movants are hereby prohibited from being heard on any matter in this case until they have complied with this Order;

Further, any response to the Amended Gibson Motion (Doc. 919) shall be due

518

within fourteen (14) days following the filing of the Avenue Movants' Rule 2019(a) verified statement.

IT IS SO ORDERED.