## SIMPER v. TRIMBLE et al. (two cases).

United States District Court
W. D. Missouri, S. D.
Dec. 28, 1949.

Neale, Newman, Neale, Freeman & Wampler, Springfield, Mo., for plaintiff.

A. P. Stone, Jr., R. Jasper Smith, Kenneth H. Reid, Springfield, Mo., for defendants.

REEVES, Chief Judge.

The plaintiffs' motions are designated as "Motion to Produce Photographs." Plaintiffs' request is that they and their attorneys be permitted "to inspect, examine, copy and photograph (1) all the photographs taken by the defendants, their attorneys, or photographer employed by them, which were taken at the scene of the accident in question, on U. S. Highway No. 66, east of Springfield, Missouri, in which this plaintiff and the defendants were involved, and more particularly, but not limited to, the photographs showing the highway surface, pictures of skid-marks thereon, debris from the vehicles involved, and the shoulders of said highway at and near the point where the collision actually occurred, and (2) all photographs taken by the defendants, their attorneys, or photographer employed by them, of the two 1949 Chevrolet Sedans operating as a tow-bar unit, which were owned by the defendant Jack Trimble and driven by the defendant Edwards Banks, and which struck the plaintiff's automobile."

An inspection of the complaints reveals an allegation that the accident or collision occurred "on or about the 4th day of May,

1949," and at a point near Springfield, Missouri.

Affidavits in support of the motion have been filed as well as affidavits in opposition thereto. It appears from these affidavits that following the alleged collision or accident, photographs of the scene of the accident were actually made by or at the instance of counsel for the defendants but that the orders for such photographs were given by an insurance carrier which was interested by reason of liability insurance on one or both of the defendants.

It is the contention of counsel for the defendants that the photographs were made at the instance of the insurance carrier, and, since said carrier is not a party to the litigation, counsel should not be required to produce the photographs as requested by the plaintiffs through their attorneys.

The respective contentions of the parties will be discussed, together with such additional facts as may be pertinent to a clear understanding of the issues involved.

1. By Section 5905, R.S.Mo.1939, Mo.R.S.A., insurance companies are authorized to write automobile insurance, and by the last proviso of said section it is specially stated: "* * * any company which confines its business to insurance upon automobiles and other cars and vehicles * * * shall also have the right to insure against liability for damages arising out of the ownership, operation, or use thereof, * * *."

It is a matter of common knowledge with which lawyers and judges alike are familiar, that automobile liability insurance is a necessary and extensive business carried on in every part of the country. The books are teeming with reports of cases and the usual relationship existing between the insurance carrier and its assured. With probably no exception, one of the obligations of the insurer requires it to defend its policyholder in case of litigation arising from alleged collisions and injuries such as those claimed here. The insurer is obliged by its contract to take over the defense of the case, to furnish counsel for

that purpose, as well as to incur the expense of procuring witnesses, and in all things to save the insured harmless from expenses and damages within the limits of the policy. It would be idle to say that an insurer thus obligated and in complete control and direction of the defense might be able to claim immunity from the usual obligations resting upon a litigant. For all practical purposes it is performing the exact functions and playing the precise role of an actual party to the litigation. That being true, it should be subject to the usual and reasonable rules of procedure, and especially with respect to discovery. Otherwise a litigant by contracting with a third party could nullify and evade the rules of procedure. If, therefore, the photographs in question are within the contemplation of the rule, they should be required to produce such photographs and to permit their inspection and photographing on behalf of the moving party.

 2. The recitals of the motion, as well as those of the affidavits, show that following the accident at the instance of the insurance carrier photographs were actually made of the scene of the accident. Again, judges and lawyers are familiar with the importance and value of blueprints and photographs of the scenes where accidents occurred. Those are useful as illustrating the scenes of the occurrence and are effective in enabling the triers of the fact to determine who was at fault in the alleged collision and consequent injuries and damages, if any, to the complainant. It is not disputed but that the photographs mentioned would be illustrative of the actual scene of the accident.

▆ 3. Able counsel resist the production of such photographs upon the ground that they are not specifically described. Apparently from the affidavits there is no issue but that the photographs were actually made after the accident. Defendants' counsel, therefore, are entirely familiar with the photographs sought by the motion and, as indicated above, they are clearly competent and material evidence. It is not disputed but that the photographs are in the actual possession of counsel for the defendants.

▆ Defendants' counsel say that they have no photograph of the two 1949 Chevrolet automobiles which it is alleged struck the automobile of the plaintiffs. If they have no such photographs, then of course they cannot produce them. Otherwise, the motion calls for all photographs relating to this accident and which would bear on the issues of negligence made by the pleadings.

▆▆ 4. The courts take only one attitude on the proper construction of Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. The Circuit Court of Appeals for the 7th Circuit epitomized the correct rule of interpretation in June v. George C. Peterson Co., 155 F.2d 963, loc. cit. 967, where the court said: "The rule should be liberally, rather than narrowly, construed. If the documents called for are reasonably probable to be material in the case, the production and inspection of them should be allowed."

No other authorities need be cited, but the above appears to be sufficient. The motions to produce for inspection will therefore be granted. Such inspection will be ordered in conformity with the motions of the plaintiffs.