## SUNDAY v. GAS SERVICE CO.
### No. 5685.

United States District Court
W. D. Missouri, W. D.
May 24, 1950.

Clay C. Rogers, Lyman Field, and Reed O. Gentry of Mosman, Rogers, Bell, Field

186

& Gentry, and Chet D. Vance, all of Kansas City, Mo., for plaintiff.

Charles M. Miller, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

■ Heretofore, towit, on February 2, 1950, the plaintiff submitted twenty-one interrogatories to be answered by the defendant. On May 22, 1950, the defendant filed its answers to said interrogatories save only as to Interrogatories 3, 7 and 21. Interrogatory number 3 is as follows: "State the location in said premises where said gas meter was installed and the manner in which it was connected and installed."

The answer to said Interrogatory No. 3 was: "In a closet of the house with which plaintiff is familiar."

It appears, in a letter from counsel for defendant, dated May 22, 1950, that the plaintiff was an occupant of the premises and was entirely familiar with the location of the gas meter. The manner in which it was connected and installed would be a mere matter of mechanics and plaintiff would be in a better position to make such inspection than is the defendant.

■ Interrogatory No. 7 asks for: "the names and addresses of any and all agents, servants and employees of defendant who inspected or examined said meter or gas pipes and connections, etc." The defendant gave the names and addresses of three persons, and then said, "and there may be others." In the above mentioned letter from counsel, which letter was intended as a brief or suggestions in opposition to the motion here under consideration, counsel said that no others were known but that the defendant did not want to be foreclosed if others should be found who had inspected said meter.

■ Interrogatory No. 21 requests: "* * * the names and addresses obtained by defendant of all persons who were, or claim to have been, witnesses to said fire; or who have, or claim to have, knowledge thereof; or who have, or claim to have, knowledge or information as to the cause thereof." In answer to this interrogatory the defendant declined to give any information for the reason that "Interrogatory No. 21 is an improper interrogatory, and not answered for that reason." Under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., interrogatories may be co-extensive with depositions under Rule 26. Adverting to paragraph (b) of Rule 26, it is to be noted that: "* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * * including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things *and the identity and location of persons having knowledge of relevant facts.*" (Emphasis mine.) It will be noted that Interrogatory No. 21 does not request "the identity and location of persons having knowledge of relevant facts" but it asks that defendant "give the names and addresses obtained by defendant of all persons who were, or claim to have been, witnesses to said fire; etc." Clearly, this would be an invasion of counsel's private files and would be in violation of public policy. It has been ruled repeatedly that counsel in a case should not be required to divulge information obtained in preparation for trial, and, as indicated, the information sought by Interrogatory No. 21 is not conformable to the provisions of paragraph (b) of Rule 26, Rules of Civil Procedure.

In view of the foregoing, the motion to compel answer to said interrogatories should be and will be overruled.