**FLYNN v. J. C. NICHOLS CO. et al.**

**No. 5970.**

United States District Court
W. D. Missouri, W. D.

March 17, 1951.

Stubbs, McKenzie & Williams and R. S. McKenzie, all of Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry and Jack B. Robertson, Kansas City, Mo., for J. C. Nichols Co.

David M. Proctor, City Counselor, Preston H. Longino, T. James Conway, Asst. City Counselors, all of Kansas City, Mo., for Kansas City, Mo.

REEVES, Chief Judge.

By the above motion the plaintiff invokes the provisions of Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides, among other things, that: "Upon motion of any party *showing good cause therefor* (emphasis mine) and upon notice to all other parties, * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents * * * photographs * * * or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *."

An examination of the motion does not disclose a showing of "good cause" but the briefs and suggestions in support of the motion do indicate good cause for the application or motion.

Objection is made by the defendants for the reason that it does not appear that the documents and photographs demanded are competent or material, and particularly because the photographs were made more than three months after the occurrence of the alleged accident.

The suit is one in tort for damages which the plaintiff claims accrued to him by reason of an injury to his wife, allegedly sustained on November 6, 1948, when the "plaintiff's said wife stepped into a public street known as 63rd street from the sidewalk bordering the north side of said street at a point immediately in front of Number 330 West 63rd Street, in Kansas City, Missouri, for the purpose of entering a motor vehicle there parked, when and where and by reason of the carelessness and negligence of the defendants and each of them, plaintiff's said wife was caused to step into a hole in the pavement of said street there existing and fall to said pavement and as a result thereof was seriously and permanently injured * * *."

Each of the defendants deny the claimed negligence and tenders an issue of contributory negligence. In his suggestion in support of his motion plaintiff asserts that substantial alterations have been made in the streets since the accident occurred and that therefore the photographs made by the defendants, or one of them, would illustrate conditions as they existed at the time of the accident. It is further asserted that the city, in accordance with an established routine, if not by ordinance, keeps and maintains records relating to streets and conditions, such as claimed by plaintiff as having existed, and that such records should be made available for his inspection and use as provided by said Rule 34.

1. In its brief, J. C. Nichols Company relies on an opinion of the writer, Sunday v. Gas Service Company, D.C., 10 F.R.D. 185, loc. cit. 186, where it is said: "It will be noted that Interrogatory No. 21 does not request 'the identity and location of persons having knowledge of relevant facts' but it asks that defendant 'give the names and addresses obtained by defendant of all persons who were, or claim to have been, witnesses to said fire; etc.' "

This was held to be an invasion of counsel's private files. Such is not the case here. The Court of Appeals for the 6th Circuit had before it an almost identical situation in Atlantic Greyhound Corporation v. Lauritzen, 182 F.2d 540, 542. The defendants relied in that case upon the well known case of Hickman v. Taylor, 329 U. S. 495, 67 S.Ct. 385, 91 L.Ed. 451. But a distinction was made by the court in the following language: " 'Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty."

In Simper v. Trimble, D.C., 9 F.R.D. 598, this court held in a somewhat similar case that a plaintiff would be entitled to the photographs made at the time of the accident by the opposite party.

And the same thing was held in Brauner v. United States, D.C., 10 F.R.D. 468, where Judge Kirkpatrick, Chief Judge of the United States District Court for the E. D. of Pennsylvania, said that even the government as a party defendant would be required to produce certain documents called for by the plaintiff. Judge Kirkpatrick states, as may be said in this case, 10 F.R.D. loc. cit. 470: "Preliminarily, it may be said that this is not the case of statements obtained by an attorney or of statements obtained by others under the attorney's direction or for the purpose of aiding the attorney in preparing for trial. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 dealt with statements secured directly by the attorney himself and

the gist of the decision was that considerations of policy arising from the function of the lawyer in the adversary procedure by which our courts administer justice require that in such case the party seeking discovery must show circumstances of an exceptional nature in order to establish good cause."

No such condition exists here. Clearly the plaintiff would be entitled to see the photographs taken by the defendants which would reflect conditions as they existed, as he claims, at the time of the accident. Moreover, the city's records, required to be kept routinely, should be made available to the plaintiff.

It follows that the motion for the production of documents should be and will be sustained.