Joseph H. BRECKLEIN and Frances R. Brecklein, Plaintiffs,

v.

Edwin O. BOOKWALTER, District Director of Internal Revenue, Defendant.

No. 13236–4.

United States District Court
W. D. Missouri, W. D.

March 21, 1963.

Watson, Ess, Marshall & Enggas, Kansas City, Mo., for plaintiffs.

F. Russell Millin, U. S. Atty., Kansas City, Mo., Burton A. Schwalb, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

BECKER, District Judge.

This is a suit for a refund of Federal income taxes for the year 1957, involving in Count I the deductibility of a special tax assessment allegedly paid by the plaintiffs in 1957. The special tax assessment was made by the city of Kansas City, Missouri, for a special benefit to property owned by the plaintiffs. The special benefit resulted from the acquisition of municipally-owned off-street parking facilities to serve the business district in which plaintiffs' business properties were located. In Count II, and in the alternative, plaintiffs seek recovery of a lesser amount on the theory that income tax was overpaid upon income erroneously included in plaintiffs' joint 1957 individual return as income from the Hugo Brecklein Trust. The overpayment is alleged to result in case the relief sought in Count I is denied.

The answer to the two counts admitted compliance with the procedural conditions of a suit for refund and the payment of the taxes, but denied either directly or for lack of knowledge of information sufficient to form a belief the principal averments of the complaint. The Court entered a pre-trial order directing each party to complete discovery on or before December 31, 1962, to enter into a stipulation of uncontroverted facts on or before January 10, 1963, and to prepare and file a list of exhibits and a list of witnesses on or before January 10, 1963.

On December 12, 1962, the plaintiffs filed a request for admissions intended to eliminate the proof of uncontroverted issues concerning the following matters: the establishment of the benefit district; the ownership of plaintiffs' land; the amount and number of the special tax bills; the amount of self-employment taxes included in income taxes paid by plaintiffs in respect of 1957 calendar year income; the exact amount of income taxes as distinguished from self-employment taxes paid by plaintiffs for the calendar year 1957; the amount of income tax for 1957 which would be properly payable if the special assessments were deductible in 1957; the amount and nature of a deficiency assessment against

the Hugo Brecklein Trust, the payment thereof, and the treatment of the special assessment in respect of the Trust; the amount of income tax, exclusive of self-employment taxes, which would be taxable to the Hugo Brecklein Trust if the 1957 income was taxable to the Trust rather than the plaintiff Joseph Brecklein; the identity of a letter dated June 5, 1959, submitting to the Internal Revenue Service a request for a ruling by the defendant concerning the same special assessments by a partnership which is not a party to this suit; the identity of a ruling by the District Director for Kansas City that the assessments for the same parking project were deductible by the aforesaid partnership; and the identity of a special ruling of the Treasury Department dated May 21, 1958, concerning deductibility of special assessments in the city of Bismarck, North Dakota, resulting from the acquisition of public off-street parking facilities.

On December 31, 1962 the defendant was granted leave to answer the requests for admissions on or before January 31, 1963. In its response to the requests for admissions the defendant answered some of the requests and objected to others. In each case where there is an objection to a request for an admission, the defendant has supplied the answer subject to his objection. The objections will be ruled upon, as requested by defendant.

■■ The first objection is to paragraph No. 7 of the requests for admission which is objected to on the ground that it calls for a conclusion of law and not a statement of fact. This request does require the expression of an opinion or conclusion of law, as to the taxability of the Hugo Brecklein Trust rather than to the plaintiff Joseph Brecklein, of income resulting from disallowance of the special assessment paid by the Trust. As a request for an admission of fact, the request is improper. 4 Moore, Federal Practice ¶ 36.04, p. 2713. If it had not been answered it would have been treated as an interrogatory under Rule 33, and an answer required, since interrogatories can be employed to secure the contentions of the parties. 4 Moore, Federal Practice ¶ 33.17, pp. 2311–12 (Supp. 1962).

■ Defendant objects to paragraph 9 of the requests for admissions on the ground that the admission sought is immaterial and irrelevant. The objection is overruled. It does not appear that the documents sought to be identified are clearly irrelevant. The question of relevancy will be reserved for determination at the trial. The same ruling applies to the objection to paragraphs 10 and 11 of the requests of admission, which objection is overruled.

In responding to the requests for admissions, counsel for the defendant, Burton A. Schwalb, Esquire, has followed the admirable practice of answering the requests subject to the stated objections, which procedure is in keeping with the spirit and letter of the rule and results in a saving of expense to the parties and of the time of counsel and of the Court. Mr. Schwalb and the defendant are hereby complimented upon their waiver of the technical right to defer answer to the requests until the objections had been passed upon.