**Margaret HUGHES and Robert Hughes, Plaintiffs,**

v.

**Orville H. GROVES, Defendant.**

**Civ. A. No. 17127–3.**

United States District Court
W. D. Missouri, W. D.

Feb. 17, 1969.

Phillip C. Ehli, Kansas City, Mo., for plaintiffs.

Edward E. Schmitt, Dietrich, Tyler, Davis, Burrell & Dicus, Kansas City, Mo., for defendant.

ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND PLAINTIFFS' OBJECTIONS TO DEFENDANT'S INTERROGATORIES

BECKER, Chief Judge.

This is an action in negligence wherein the complaint states that defendant negligently caused injury to plaintiffs by driving while intoxicated and thereby causing an accident. Plaintiffs pray for both actual and punitive damages.

Defendant objects to interrogatories numbered 4, 5, 6 and 7 propounded by plaintiff Robert Hughes and interrogatories numbered 6, 14, 15, 16, 17 and 18 propounded by plaintiff Margaret Hughes.

■ Plaintiff Robert Hughes' interrogatories 4 and 5 and plaintiff Margaret Hughes' interrogatories 15 and 16 are identical. They inquire whether defendant has liability insurance applicable to the personal injuries here alleged to have been sustained, whether the insurance company is defending the action, the name and address of the insurance company, the policy limits of the applicable policy, whether the insurer is raising any coverage defense against defendant and whether any insurance carrier is interested in the "defense or outcome" of this suit and, if so, its name and address. The cases are admittedly not in agreement on this question. But the better view is that the information is discoverable. Cook v. Welty (D.D.C.) 253 F.Supp. 875; Johanek v. Aberle (D.Mont.) 27 F.R.D. 272; see 4 Moore's Federal Practice ¶ 26.16[3], p. 1190 (1968 ed.). Therefore, in keeping with the practice of this Court, discovery will be allowed in this case. This is in keeping with the spirit of discovery itself in the interest of speed, justice, and economy, as set forth in Rule 1, F.R.Civ.P., and the following comment:

"[T]o the extent that the examination develops useful information it func-

tions successfully as an instrument of discovery, even if it produces no testimony directly admissible." Lewis v. United States Air Lines Transport Corp. (D.Conn.) 27 F.Supp. 946.

Defendant cites Langlois v. Allen (D. Conn.) 30 F.R.D. 67; Flynn v. Williams (D.Conn.) 30 F.R.D. 66; Gallimore v. Dye (E.D.Ill.) 21 F.R.D. 283; Roembke v. Wisdom (S.D.Ill.) 22 F.R.D. 197, in support of its objection that these interrogatories call for irrelevant information. Those precedents, however, are not followed by this Court. The court from which the leading case comes, furthermore, appears to have noted that its policy with regard to this question has not been consistent. See Goldenberg v. Wolfe (D.Conn.) 44 F.R.D. 17, in which discovery was allowed in consonance with a statute enacted by the Connecticut legislature in 1967. Likewise, the Missouri case cited by defendant, State ex rel. Bush v. Elliott, Mo. en banc, 363 S.W.2d 631, is not controlling in this matter.

■■■ Defendant next objects to plaintiff Robert Hughes' interrogatory 7 and Margaret Hughes' interrogatory 18, both of which in substance ask for "all assets and liabilities, jointly and severally * * * and gross earnings for last five (5) years." Defendant objects that the question is premature. He asserts that "more than a simple allegation and claim for punitive damages should be necessary to allow plaintiffs to discover information about defendant's finances and 'how much he is to be punished.'" The law, however, is well settled and contrary to that position. Information regarding damages is as discoverable as is that which pertains to liability. 4 Moore's Federal Practice ¶ 26.18, p. 1229 (1968 ed.); Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449. No *prima facie* showing in punitive damages is required to justify discovery. Plaintiffs, nevertheless, have here shown that there is possible evidence of intoxication by reason of a breathylizer test.

So the requested discovery should be allowed, but it will be limited to current assets and liabilities. Past earnings and worth cannot reasonably lead to relevant information on the issue of punitive damages. Therefore, the objection will be sustained with respect to the portion which calls for gross earnings for the past five years, and otherwise overruled. The originals of the answers should be filed in this Court under seal. Counsel for plaintiffs is ordered to treat the information as confidential until the time that it is offered in evidence at the trial.

■■■ Defendant objects to Robert Hughes' interrogatory number 6 and Margaret Hughes' interrogatory number 17, both of which seek to obtain the names, addresses, telephone numbers and job titles of any agent of defendant who has had personal contact with plaintiffs to obtain the facts of the occurrence and the claims alleged in plaintiffs' petition. Defendant contends the information obtained thereby would be "work product." But inquiry into existence of an oral or written statement of plaintiffs to which end this interrogatory is phrased, is not objected to. And it is the better view that a party's own statement in the hands of the opposing party can be discovered and is not privileged. Butler v. United States (W.D.Mo.) 226 F.Supp. 341; Hayman v. Pullman Co. (N.D. Ohio) 8 F.R.D. 238; New York Central R. Co. v. Carr (C.A.4) 251 F.2d 433; see 4 Moore's Federal Practice ¶ 26.23 [8.–4]. If such statements are once identified as being in existence, therefore, a motion to require their production would be proper.

■■■ Defendant also objects to Margaret Hughes' interrogatory number 6, inquiring whether or not the operator of his vehicle was suffering from any physical or other disability affecting the operation of a motor vehicle. The objection is grounded on the contention that the inquiry calls for an opinion "based on information not available to a party." The information asked for is properly

restricted, however, to disabilities related to driving. Defendant reasonably should have the superior knowledge of his own disabilities, if any, and the information is available to defendant in that respect. The objection that the interrogatory calls for an undiscoverable opinion is not tenable under the better view and the published decisions of all divisions of this Court. United States v. Purdome (W.D.Mo.) 30 F.R.D. 338; 4 Moore's Federal Practice ¶ 33.17, p. 2358 (1968 ed.).

 Interrogatory 14 of plaintiff Margaret Hughes calls for the name and address of any "party" who secured photographs of the *situs* of the accident and for the attachment of copies thereof to the answers to interrogatories. Defendant objects again on the ground of work product. The weight of modern authority is that photographs are discoverable. Helverson v. J. J. Newberry Co. (W.D. Mo.) 16 F.R.D. 330; Flynn v. J. C. Nichols Co. (W.D.Mo.) 11 F.R.D. 275; Simper v. Trimble (W.D.Mo.) 9 F.R.D. 598. Further, they are not properly part of the "work product" of the lawyer. See 4 Moore's Federal Practice ¶ 26.23 [8.–3], p. 1433, n. 6 (1968 ed.). If a motion to produce under Rule 34 were made with regard to these photographs, "good cause" would consist in the fact that defendant may well use these photographs at trial, and thus the photographs are necessary to plaintiffs' preparation for trial. See Simper v. Trimble, *supra;* Moore's Federal Practice ¶ 34.08 (1968 ed.). Accordingly, if they exist, they would be ordered to be produced upon such a motion. It is not proper, however, under federal practice, as it is in Missouri state practice, to require the attachment of copies to answers to interrogatories. The objection to the requirement that copies be attached is therefore sustained.

 Plaintiffs object to defendant's interrogatories 7 and 8, inquiring into prior injuries, as unreasonably burdensome. The information called for, however, is entirely relevant, and cannot be burdensome where it calls for essentially the information which should be in plaintiffs' possession to support the allegations of the complaint. In order, however, to insure that the interrogatory will not impose an unreasonable burden upon plaintiffs, the scope of the interrogatory will be limited to require a statement of all *substantial* prior injuries which plaintiffs have received and which are within the scope of the interrogatory. Further, in view of the fact that plaintiffs presently reside in Illinois, they are granted leave until March 10, 1969, to answer this interrogatory.

 Plaintiffs also challenge defendant's interrogatory number 16, which inquires whether any payments were received, in respect to plaintiffs' injuries, or benefits paid them under a health, accident, hospital, "medical pay", disability or other insurance contract for any claim as a result of the accident described in this petition. Plaintiffs object that "[t]his information is entirely irrelevant and immaterial and does not lead to the discovery of admissible evidence." The test, as stated above, however, is neither admissibility nor the actual leading to the discovery of admissible evidence, but reasonable calculation of the discovery to lead to the discovery of admissible evidence. Collateral payments may offer some information on the type, location and severity of injury or disability, as well as lead to the discovery of other relevant evidence. Allowing discovery of this kind of information is clearly within the scope of the general rule expressed in United States v. Purdome, *supra,* that liberality is proper in the interpretation of the rules to facilitate full discovery.

 Plaintiffs Robert Hughes' objections to interrogatories 30 and 31 and Margaret Hughes' objections to 31 and 32 are not well taken. The interrogatories will be treated as motions for production under Rule 34, and produc-

tion of the medical reports and hospital records of examination and treatment as a result of this accident, called for in these interrogatories, will be ordered. See Butler v. United States, *supra*. The physician-patient privilege may be suspended with regard to discovery of medical reports and hospital records where it is contemplated that the privilege may be waived at trial. Greene v. Sears, Roebuck & Co. (N.D.Ohio) 40 F.R.D. 14. By the same token a showing of "good cause" may be accomplished by a showing of relevancy. See Leszynski v. Russ (D.Md.) 29 F.R.D. 10.

▮ Relevant hospital records appear in any personal injury case to be subject to production for "good cause shown". Smith v. Maryland Casualty Co. (E.D.La.) 42 F.R.D. 587. Further, state concepts of privilege do not control here, but federal concepts do. Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459; 4 Moore's Federal Practice ¶¶ 26.23 [9], 34.15; Leszynski v. Russ, *supra;* Sale v. United States (C. A.8) 228 F.2d 682. Plaintiffs contend that "Plaintiffs should not be required to submit copies of medical reports and medical records until the Defendant has had an opportunity to examine the Plaintiffs by a doctor of their own choice." Rule 35, however, may not pre-empt production of reports under Rule 34, although it may force the party to elect between the two rules, for once discovery is had of medical reports, "good cause" may be absent for an order to submit to an examination under Rule 35. 4 Moore's Federal Practice ¶ 34.15, n. 3, p. 2519 (1968 ed.); Petition of Trinidad Corp. (E.D.Va.) 238 F.Supp. 928. Accordingly, production of all documents required by these interrogatories is commanded, provided that defendant herein pay the expense of furnishing them.

▮ Defendant further objects to interrogatory number 1 of the supplemental interrogatories filed by plaintiffs. That interrogatory asks the defendant to state in detail the manner in which he claims the casualty occurred, and to specify the speed, direction, and location of the vehicles and the point at which they came to rest. The objection is that the interrogatory is not clearly drawn to indicate "specifically what they want to know and what they don't want to know." It is clear, however, that this is an inquiry into the contentions of the defendant upon these prospective factual issues. As Professor Moore notes in 4 Moore's Federal Practice ¶ 33.17, pp. 2354–2355, contentions of the parties should be discoverable. This court has so held in Brecklein v. Bookwalter (W.D.Mo.) 32 F.R.D. 477. The objection is therefore overruled.

For the foregoing reasons, it is

Ordered that defendant's objections to Plaintiff Robert Hughes' interrogatories numbered 4, 5 and 6 and Plaintiff Margaret Hughes' interrogatories 6, 15, 16, and 17 be, and the same are hereby, overruled. It is further

Ordered that defendant's objection to Plaintiff Robert Hughes' interrogatory number 7 and Plaintiff Margaret Hughes' interrogatory number 18 be, and it is hereby, sustained with regard to "gross earnings for the past five years" and otherwise overruled. It is further

Ordered that defendant's objection to Plaintiff Margaret Hughes' interrogatory number 14, be, and the same is hereby, sustained only with regard to the requirement of attaching copies to the answers to interrogatories and otherwise overruled. It is further

Ordered that plaintiffs' objection to defendant's interrogatories 7 and 8 be, and the same is hereby, overruled and plaintiffs are ordered to file a statement of all substantial prior injuries on or before March 10, 1969. It is further

Ordered that plaintiffs' objections to defendant's interrogatories 30 and 31 addressed to Robert Hughes and 31 and 32 addressed to Margaret Hughes be,

and the same are hereby, overruled by virtue of being treated as motions for production and inspection under Rule 34, F.R.Civ.P., and the photographs requested are hereby ordered to be produced, provided that defendant pay the expense of such production. It is further

Ordered that defendant's objection to plaintiffs' supplemental interrogatory number 1 be, and it is hereby, overruled. It is further

Ordered that the interrogatories here ordered to be answered and documents ordered to be produced be answered and produced on or before March 10, 1969.