Frederick and Lynn MARRONI, as parents and natural guardians of Michele Marroni, a minor, and Frederick and Lynn Marroni, in their own right

v.

Gary S. MATEY and Raymond Matey.

Raymond MATEY

v.

Frederick and Lynn MARRONI et al.

Civ. A. Nos. 78–3065, 78–4327.

United States District Court,
E. D. Pennsylvania.

March 27, 1979.

Andrew Elash, Philadelphia, Pa., for Marroni.

Bernard V. O'Hare, Bethlehem, Pa., for Matey.

William G. Ross, Paul C. Hensel, Bethlehem, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

The Marroni plaintiffs instituted suit against Raymond Matey and Gary S. Matey for injuries sustained by Michele Marroni when she was allegedly struck by a pleasure boat owned by Raymond Matey and operated by his son, Gary Matey. Raymond Ma-

tey subsequently instituted proceedings for limitation of his liability to the value of the boat pursuant to 46 U.S.C. § 183. The Marroni plaintiffs have moved pursuant to Federal Rule of Civil Procedure 35(a) for an order that Gary Matey submit to psychological testing. The Marroni plaintiffs contend that because of his mental retardation, Gary Matey was incapable of properly operating a motor boat and of understanding and complying with applicable safety rules. Because we believe that plaintiffs have not met their burden under Rule 35, their motion will be denied without prejudice to their right to renew the motion at a later time.

Rule 35 provides that a physical or mental examination "may be made only on motion for good cause shown." As the Supreme Court explained in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), a party requesting a mental or physical examination must affirmatively establish the existence of the Rule's requirements of "in controversy" and "good cause." One factor that is relevant to the determination of "good cause" is the possibility of obtaining the desired information by other means. *Id.* at 118, 85 S.Ct. 234. *See* 8 Wright & Miller, Federal Practice and Procedure § 2234 (1970). Plaintiffs have made no showing that the information they seek cannot be obtained by other discovery techniques. Until other methods are attempted, we believe that the "discriminating application" of Rule 35 demanded by the Court requires us to deny the motion. Although we do not hold that plaintiffs may never be entitled to obtain the desired examination, we believe that Gary Matey's privacy interests require, at a minimum, that less intrusive methods of discovery first be explored.

Even if plaintiffs had exhausted other methods of discovering the information they now seek, we do not believe that their motion, as presented, could be granted. Rule 35(a) requires that an order for examination "specify the time, place, manner, conditions, and scope of the examination." Plaintiffs' general request for "psychologi-cal testing" provides little guidance for determining the scope of any eventual examination. *Cf. Schlagenhauf v. Holder, supra,* 379 U.S. at 121 n. 16, 85 S.Ct. 234. Furthermore, it is unclear from plaintiffs' motion who should conduct the desired examination. Rule 35 provides for examination by a "physician." Undoubtedly certain physicians are capable of conducting psychological testing. However, plaintiffs' motion does not make clear whether plaintiffs seek an examination by a physician or psychiatrist, or whether an examination by a psychologist is desired. If the latter is desired, plaintiffs should address in their memorandum the issue whether examination by a psychologist is permitted by Rule 35.