**Dewey NEAL, Plaintiff,**

v.

**SIEGEL-ROBERT, INC., Defendant.**

**No. 4:95CV1010–DJS.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 14, 1996.

Michael J. Hoare, Michael J. Hoare, P.C., St. Louis, MO, Kenneth M. Chackes, Van Amburg and Chackes, St. Louis, MO. for Dewey Neal.

Matthew W. Geekie, St. Louis, MO, for Siegel–Robert, Inc.

### ORDER

STOHR, District Judge.

Several motions of both parties are pending before the Court. As a preliminary matter, the Court notes that plaintiff, who was formerly represented by Michael J. Hoare & Associates, P.C., has not retained new counsel. Kathryn E. Denner, a former associate at Michael J. Hoare and Associates, P.C., has informed the Court that she will not be representing plaintiff. Because of the dissolution of Michael J. Hoare & Associates, P.C., plaintiff has requested a continuation of the September 3, 1996 trial setting and a stay of these proceedings. As noted below, the Court finds that a continuance and stay are warranted. Nonetheless, before entering the stay, the Court will consider several pending motions.

### A. Plaintiff's Amended Complaint

Plaintiff was employed by defendant from June, 1978 through June, 1993. Plaintiff alleges that beginning in 1988 or 1989, defendant discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (Count I) and the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq. (Count II).

### B. Pending Motions

The Court will address the following pending motions:

defendant's motion for a mental examination of plaintiff [Doc. # 52]; defendant's motion for reconsideration of the Court's Order of February 2, 1996 [Doc. # 53]; plaintiff's motion for sanctions [Doc. # 59]; plaintiff's motion for additional time to complete discovery [Doc. # 62]; plaintiff's motion for leave to file out of time plaintiff's initial reply in support of his motion to compel [Doc. # 70]; and

plaintiff's motion to continue the trial date and stay these proceedings [Doc. # 74]. The Court will defer ruling on plaintiff's motion to compel discovery [Doc. # 64]; defendant's motion for summary judgment [Doc. # 68]; and plaintiff's motion to withdraw [Doc. # 78] until after the stay is lifted.

### C. Defendant's Motion for a Mental Examination of Plaintiff [Doc. # 52]

On February 2, 1996, the Court granted plaintiff leave to file his amended complaint. Paragraph 17A of plaintiff's amended complaint alleges that "[d]efendant's conduct caused and will cause plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life." In light of plaintiff's amended complaint, on February 8, 1996, defendant moved for a mental examination of plaintiff pursuant to Fed.R.Civ.P. 35[1] and requested that the examination consist of the Minnesota Multi-Phasic Inventory test and a personal psychological interview with the physician. Plaintiff opposes defendant's motion.

Fed.R.Civ.P. 35 requires an affirmative showing by the movant that the mental or physical condition or injury as to which the examination is sought is genuinely in controversy and that good cause exists for ordering the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964). The ruling on the motion rests within the trial court's discretion. *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir.1974).

The Court recognizes that recent cases have held that "emotional distress" is not synonymous with the term "mental injury or condition" as used by the Supreme Court in *Schlagenhauf v. Holder* for purposes of ordering a mental examination pursuant to Fed.R.Civ.P. 35(a). *See, e.g., Turner v. Imperial Stores*, 161 F.R.D. 89, 92 (S.D.Cal.1995). The Court also is aware of a

line of cases in which courts have held that a party's allegation of emotional distress puts that party's mental condition "in controversy" for purposes of Rule 35 mental examinations. This Court does not believe that a request for damages for emotional distress necessarily means that a party has placed his or her mental or physical condition genuinely in controversy. Thus, the Court has considered the record provided by the parties to determine whether plaintiff's mental condition is in controversy and whether defendant has shown good cause for the requested examination.

Defendant argues that plaintiff testified that he suffers from a "mental disorder", and thus a mental examination is appropriate. Defendant has mischaracterized plaintiff's testimony. Plaintiff testified as follows:

A: I lost my respect.

Q: What else?

A: Just the mental, mental disorder, you know. You work so hard so long, lose it. The physical part of it's worse than the loss of wages. You're ridiculed, downgraded. Downgrade [sic] by the people that work for you. That's worse than anything. If you're plant superintendent, you go down to carrying a clock through the plant, you take a lot of criticism. A lot of damages there, and it's still damages.

\*     \*     \*     \*     \*     \*

You also indicated a mental disorder. What mental disorder is that you—I,

A: It just puts you down you know, you just feel—you don't feel yourself. You feel a less person, I guess.

Q: Has anyone ever said to you that you're less of a person—

A: No.

Q: —because of this? If there anything else to this mental disorder aspect?

---

1. Rule 35 provides, in relevant part:
   (a) When the mental or physical condition (including blood group) of a party or of a person in the custody under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner to pro-

duce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

A: No.

Q: Has anyone diagnosed you as suffering from any mental disorder?

A: No.

Depo. at 192; 209–210. Plaintiff also testified that he had not seen a psychiatrist or psychologist, had no intention to do so, and no on had recommended that he do so.

Plaintiff's amended complaint and deposition testimony demonstrate that plaintiff is not complaining of any definable psychological symptoms, but rather suffering from basic complaints that are within the understanding of the jury.[2] The Court is persuaded that plaintiff has not placed his mental condition in controversy and that defendant has not shown good cause for a mental examination. Thus, defendant's motion for a mental examination will be denied.

### D. Defendant's Motion for Reconsideration of the Court's Order of February 2, 1996 as amended on February 7.1996 [Doc. # 53]

Defendant has requested that the Court reconsider certain portions of its order of February 2, 1996 as amended on February 7, 1996. The Court will grant the motion in part, and reconsider and vacate that portion of the Order requiring that defendant's expert reports be provided by Friday, February 9, 1996 and that all experts be available for deposition no later than March 8, 1996. The Court will consider amendments to the Case Management Order regarding expert disclosure dates once the stay in this matter, which will be entered this day, is lifted. · The Court will deny defendant's motion for reconsideration in all other respects.

### E. Plaintiff's Motion for Sanctions [Doc. # 59]

On March 4, 1996, plaintiff filed a motion for sanctions alleging that defendant failed to comply with the Court's order of February 2,

1996 as amended on February 7, 1997, which ordered defendant to provide answers to specific interrogatories and a privilege log as to one interrogatory. Because defendant made the responsive documents available to plaintiff for inspection and copying, as permitted under Fed.R.Civ.P. 33(d), the Court will deny plaintiff's motion for sanctions.

### F. Plaintiff's Motion for Additional Time to Complete Discovery [Doc. # 62] and Motion to Continue the Trial Date and Stay These Proceedings [Doc. # 74]

The trial is this case is scheduled to commence September 3, 1996. Because of the dissolution of Michael J. Hoare & Associates, P.C., plaintiff's former counsel, plaintiff has requested additional time to complete discovery, a continuation of the trial date and a stay of the proceedings. The Court believes that the interests of justice would be served by granting plaintiff additional time to retain new counsel. The Court will grant plaintiff's motion to continue the trial date and stay these proceedings. The Court will vacate the September 3, 1996 trial date and stay the proceedings until September 30, 1996, or until substitute counsel enters an appearance for plaintiff, whichever occurs first. At this time, the Court will deny plaintiff's motion for additional time to complete discovery. The Court will consider modifications to the Case Management Order once the stay is lifted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a mental examination of plaintiff [Doc. # 52] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for reconsideration of certain portions of the Court's order of February 2, 1996 [Doc. # 53] is granted in part and denied in part. The Court will reconsider and hereby vacates the portion of its Order requiring that defendant's expert reports be provided by February 9, 1996 and that all

---

**2.** See McDonald, *The Importance of the Rule 35 Mental Examination in Employment Discrimination Cases,* Employment Discrimination Report (BNA) Vol. 4. p. 150–51.

Perhaps no mental examination is necessary if the plaintiff claims only to have suffered such

minor reactions as embarrassment or humiliation that are within the range of· common human experience and that did not result in any more-defined psychological symptoms.

experts be available for deposition no later than March 8, 1996. In all other respects the motion is denied.

IT IS FURTHER ORDERED that plaintiff's motion for sanctions [Doc. # 59] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for additional time to complete discovery [Doc. # 62] is denied.

IT IS FURTHER ORDERED that plaintiff's request for an extension of time to file his reply in support of his motion to compel [Doc. # 0] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file out of time his reply in support of his motion to compel [Doc. # 70] is granted.

IT IS FURTHER ORDERED that plaintiff's motion to continue the trial date and stay these proceedings [Doc. # 74] is granted.

IT IS FURTHER ORDERED that the September 3, 1996 trial date is vacated and the case is stayed until **September 30, 1996,** or until substitute counsel enters an appearance for plaintiff, whichever occurs first.

IT IS FURTHER ORDERED that on or before September 30, 1996, plaintiff shall secure the entry of substitute counsel or provide the Court, in writing, a status report on his attempts to retain counsel. If plaintiff has not secured the entry of substitute counsel on or before September 30, 1996, the Court will proceed in ruling on pending motions.

IT IS FURTHER ORDERED that the Clerk shall forward a copy of this Order to Kathryn E. Denner, Denner & Lynn, L.L.C., 393 N. Euclid, Suite 220, St. Louis, Missouri 63108.

IT IS FURTHER ORDERED that Kathryn E. Denner shall forward a copy of this Order to plaintiff.