**Barbara PEARSON, a mother and next friend of Katrina Pearson, a minor, Plaintiff,**

**v.**

**NORFOLK–SOUTHERN RAILWAY, COMPANY, INC., Defendant.**

No. Civ.A. 97–C–956–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 4, 1998.

John M. Maddox, Rufus R. Smith, Jr., Rufus R. Smith, Jr. & Associates, Dothan, AL, for plaintiff.

William C. Carn, III, Lee & McInish, Dothan, AL, for defendant.

## ORDER

CARROLL, United States Magistrate Judge.

### I. PROCEDURAL HISTORY

This cause is currently before the court on a Motion for Examination Pursuant to Rule 35 of the Federal Rules of Civil Procedure, filed by the defendant, Norfolk Southern Railway Company, Inc., on January 29, 1998. The motion was amended on February 13, 1998 to provide information concerning the specific examination Norfolk Southern is requesting. The plaintiff has filed a response to the motion and Norfolk Southern has filed a reply. Norfolk Southern seeks an order from this court requiring Katrina Pearson, a minor and the injured party in this case, to undergo testing and assessment by Michael Passler, a licensed psychologist/neuropsychologist. The purpose of the examination is to assess her mental capacity and intellectual level of performance. The examination will consist of the administration of a series of tests and an interview. The process is estimated to take seven to eight hours.

### II. DISCUSSION

Under the provisions of Rule 35 of the Federal Rules of Civil Procedure:

When the mental or physical condition of a party or person in the custody of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination on the person or persons by whom it is to be made.

Thus, under the plain language of the rule, an order requiring an examination under Rule 35 may be issued only when the mental or physical condition of the party or person in the party's custody is "in controversy" and there is good cause for the order. *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13

L.Ed.2d 152 (1964). The court will now proceed to determine whether the defendant has made the necessary showing on each of the elements.

### "IN CONTROVERSY"

There are two principal ways in which the mental or physical condition of a litigant can be placed "in controversy." The first is where the mental or physical condition of a person is placed in issue by that person through their pleadings. As the Supreme Court noted in *Schlagenhauf:*

... [t]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts a mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action.

*Schlagenhauf v. Holder,* 379 U.S. at 118–19, 85 S.Ct. at 243 (Citations omitted).

The second is where the mental or physical condition of the person is placed in issue by another party. This case fits in this second category. The plaintiff has done nothing, through her pleadings and actions, to place her mental condition in issue. Consequently, because the defendant seeks to make her mental state an issue, the defendant bears the burden of making a specific showing that Katrina Pearson's mental state is in controversy. *Id.*

At the time of the accident which gave rise to this case, Katrina Pearson was 13 years old. Under Alabama law, a child between the ages of 7 and 14 is

prima facie presumed incapable of contributory negligence; however, that presumption may be rebutted by evidence that the child possesses the discretion, intelligence, and sensitivity to danger that an ordinary 14 year old child possesses.

*Lemond Constr. Company v. Wheeler*, 669 So.2d 855, 860 (Ala.1995) (citing *Savage Indus., Inc. v. Duke*, 598 So.2d 856 (Ala.1992)). A defendant bears the burden of proof on this issue. *Id.* Thus, under the law applicable to this case, in order for Norfolk Southern to raise and argue the defense of contributory negligence against Katrina Pearson, it must offer proof that she possessed the discretion, intelligence and sensitivity to danger that an ordinary 14 year old child possessed. Thus, state law, not the actions or allegations of the minor child, places the child's mental state in issue.[1] Consequently, the court concludes that the operation of Alabama law makes the mental state of Katrina Pearson at the time of the accident a matter "in controversy" for purposes of Rule 35.[2]

### GOOD CAUSE

Having decided that the plaintiff's mental state is "in controversy," the court must next determine whether the defendant has established good cause for the requested examination. Whether good cause is established depends on both relevance and need. 7 *Moore's Federal Practice* § 35.04 [1] (Matthew Bender 3d Ed.); *Peters v. Nelson*, 153 F.R.D. 635 (N.D.Iowa 1994). There is no question that the information which the defendant seeks is relevant. The question is whether there is a need for the information which the examination may reveal. In determining whether there is need, the court must examine "[t]he ability of the movant to obtain the desired information by other means...." *Schlagenhauf v. Holder*, 379 U.S. at 118, 85 S.Ct. at 243.

In this case, Norfolk Southern has at least two sources of information concerning Katrina Pearson's intellectual functioning at the time of the accident. Over the objection of the plaintiff, the court has permitted Norfolk Southern to obtain all of the juvenile court records and school records of Katrina Pearson, including "copies of all social, medical, psychiatric, psychological testing [and] evaluation." In addition, Norfolk Southern may interview relatives, friends and acquaintances of Katrina Pearson concerning her intellectual functioning. Norfolk Southern has presented no evidence or argument which would indicate that pursuit of these sources of information is futile. Indeed, the court would expect that the records which Norfolk Southern has subpoenaed would be a fertile ground for information about the plaintiff's intellectual level.

As the movant, Norfolk Southern bears the burden of establishing "good cause." The sole reference to "good cause" in its motion is the conclusory statement "there is simply no other means for Norfolk Southern to obtain the requested information."[3] The law requires the party seeking a Rule 35 order to make an affirmative showing of good cause. Norfolk Southern's conclusory statement is insufficient to carry that burden. *Schlagenhauf v. Holder*, 379 U.S. at 119–20, 85 S.Ct. at 243–44. *See also Marroni v. Matey*, 82 F.R.D. 371 (E.D.Pa.1979).

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Examination Pursuant to Rule 35 of the Federal Rules of Civil Procedure, filed on January 29, 1998, and amended on February 13, 1998, be and is DENIED.

---

1. The court completely agrees with the holdings of the cases concerning allegations of emotional distress cited by the plaintiff in her opposition. Those cases are simply inapposite.

2. The court feels compelled to note, however, that Norfolk Southern has not put forward any evidence indicating that contributory negligence is a viable defense even though, for purposes of this motion, it has the burden of proof. Normally, under *Schlagenhauf*, the failure to present specific evidence would mandate the denial of the Rule 35 motion. In this case, however, that omission is not fatal because of the underlying undisputed facts of this case. The plaintiff's complaint shows that the child was injured when a train ran over her foot. Those facts, on their face, are sufficient to raise the possibility of contributory negligence defense. In a case involving different facts, the court would require more of a showing of the existence of a contributory negligence defense.

3. Memorandum Brief filed February 13, 1998 at 4.